**In the Matter of Steven Jay SWANSON, Lujean Swanson, Debtors.**

**ASSOCIATES FINANCIAL SERVICES, an Idaho corporation, Plaintiff and Counter-Defendant Upon Removal,**

v.

**Steven Ray SWANSON and Lujean Swanson, husband and wife, Defendants and Counter-Plaintiffs on Removal.**

**Bankruptcy No. 81–0233.**

United States Bankruptcy Court, D. Idaho.

Sept. 1, 1981.

Douglas R. Nelson, Sharp, Anderson, Bush & Nelson, Idaho Falls, Idaho, for Associates Financial Services.

John M. Bybee, Idaho Falls, Idaho, for the Swansons.

## MEMORANDUM DECISION

M. S. YOUNG, Bankruptcy Judge.

In May of 1979 defendants granted plaintiff a security interest in certain personal property to secure repayment of a promissory note to plaintiff. The security interest was a nonpossessory, nonpurchase money one in household furnishings and appliances. On March 10, 1980, defendants petitioned for relief under chapter 7 of the Bankruptcy Code. Defendants claimed an exemption on the property and it was allowed as exempt, no objection to debtors' claim of exemption having been made. On July 21, 1980, discharge was granted. Trustee filed his report and accounting and the case was duly closed on September 5, 1980.

On December 10, 1980, plaintiff filed a claim and delivery action to obtain possession of the property in question in the appropriate Idaho State Court. Defendants filed an answer and a counterclaim by which defendants seek to avoid the lien of plaintiff as a nonpossessory, nonpurchase money lien under Section 522(f) of the Code. This was the first affirmative action by the debtors to avoid plaintiff's lien. The state court proceeding was removed to this court by stipulation. Defendants seek a summary judgment on their counterclaim. Plaintiff resists the motion on the ground that defendants are barred from asserting such counterclaim after the date on which they received their discharge or in the alternative after their chapter 7 case was closed.

11 U.S.C. § 522(f) states that a debtor may:

"... avoid the fixing of a lien on an interest of a debtor in property to the extent that such lien impairs an exemption to which a debtor would have been entitled .., if such lien is ... a nonpossessory, nonpurchase-money security interest in any ... household furnishings ..."

Section 522(f) places no time limitation on the assertion of this right. Plaintiff, however, relies on the case of *In re Adkins*, 7 B.R. 325, 2 C.B.C.2d 1228 (Bkrtcy.S.D.Cal. 1980) which holds that a debtor must take action to avoid the lien by a complaint filed prior to the date on which he is granted a discharge, or he is barred from thereafter asserting it. Specifically, that court holds that there should be finality to the process and that "It is not proper for a debtor to sit back and do nothing in protecting his rights, wait for a creditor to take some action and then decide what he wants to do." The court in *Adkins* also says:

"It seems to me that debtors in order to comply with the purpose and intent of § 524(c), must know with some degree of certainty whether a reaffirmation agreement may have to be negotiated in order to permit the retention of property pledged as security before the grant of the discharge. Otherwise it may be too late to negotiate a reaffirmation agreement.

Therefore, in order to effectively carry out the provisions of the Code and to obtain finality of a determination of the rights of all parties, it seems to me that a debtor must file a complaint to avoid a lien under § 522(f) at or before the discharge hearing. At that point there is sufficient time to negotiate a reaffirmation agreement or continue the discharge hearing to permit such negotiation."

■ I disagree. The fact that it may be in a debtor's best interest to avoid liens under 522(f) before his time to reaffirm passes, is not a valid reason for saying he must do so before discharge or forfeit the right to do so. In most cases the exemption covers the security in its entirety and no need to reaffirm arises.

The *Adkins Rule* has been followed in the case of *In re Krahn*, 10 B.R. 770 (Bkrtcy.E. D.Wis.1981); and *In re Porter*, 11 B.R. 578 (Bkrtcy.W.D.Okla.1981). In the *Porter* case the court follows *Adkins* and adds that it believes that the provisions of § 550, linked to 522(f) by 522(i) make the time limitations placed on a trustee's right to recover property for the estate which had been transferred to a third party by an avoidable trans-

fer, a limitation on a debtor's right to avoid under 522(f). These statutory sections as pertinent read as follows:

"522(i)(1) If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee has avoided such transfer, and may exempt any property so recovered under subsection (b) of this section."

"550(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

. . . (e) An action or proceeding under this section may not be commenced after the earlier of—

(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; and

(2) the time the case is closed or dismissed."

The House and Senate Reports discussing this section say:

"Section 550 prescribes the liability of a transferee of an avoided transfer, and enunciates the separation between the concepts of avoiding a transfer and recovery from the transferee . . ." H.R.Rep. 95–595, 95th Cong., 1st Sess. 375–376 (1977); S.Rep.95–989, 95th Cong. 2d Sess. 90 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, ——.

■ Section 550 deals only with the right to recover property transferred to third parties prior to the time the lien is avoided, and should apply in the same way to a debtor who avoids a lien under 522(f). That § 550(e) is only a limitation in the recovery of a transfer is reinforced by § 546.

Section 546 specifically deals with the limitations on a trustee's right to avoid liens. This section says as pertinent here:

"(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; and

(2) the time the case is closed or dismissed."

Section 522(i) does not refer to § 546, and I therefore conclude that its reference to § 550 is not a statutory limitation on the right of a debtor to avoid liens under § 522(f), but is a time limitation on the right to recover from a transferee.

■ The limitations of §§ 546 and 550 on a liquidating trustee's powers are reasonable because they deal with the administration of the estate, and it is in the public interest to complete the administration and to settle the rights of all parties to the assets of the debtor in a prompt manner. This, however, does not apply to the avoiding power in question because the property involved is exempt property and as such is not subject to administration. Delay by a debtor in asserting his rights under § 522(f) does not in any way hamper the administration of the estate.

■ The right to avoid liens on exempt property under § 522(f) is a right granted to debtors under the Bankruptcy Reform Act of 1978. *In re Butler*, 5 B.R. 360 (Bkrtcy.D. Md.1980). It is a personal right given to a debtor, independent of case administration. It is fundamentally no different than any other legal right available to an individual. Congress has not placed any statutory limitation on the exercise of the right and I know of no legal doctrine at common law or equity which would allow this court to create an arbitrary time limitation on the exercise of this legal right. The doctrine of laches does not allow it because it is dependent upon the facts and circumstances of each case. A key element of the doctrine

is that there must be some prejudice or injury to the other party or to an innocent third party, if the asserted legal right is to be denied.

"One of the principal constituents of laches is injury, prejudice, or disadvantage to the defendant or an innocent third person in the event relief is granted to the complainant. The cases proceed upon the theory that laches is not, like limitation, a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relations of the property or the parties. The doctrine of stale demand applies only where, because of lapse of time it would be inequitable to allow a party to enforce his legal rights, or it is clearly demanded in the interests of justice. Thus, in order that the doctrine of laches be correctly applied, it should first be determined whether a refusal to apply it would work perceptible inequity on the one against whom the alleged stale demand is directed. The court may conclude that suit is not maintainable where, pending the complainant's delay in asserting his claim there has been a change of conditions which cannot be disturbed without producing injustice; where rights and interests of third persons have come into existence; or where the defendant has placed himself in a situation which will cause him injury or prejudice if the complainant is not held to be barred of relief.

On the other hand, if prejudice will not be occasioned to the defendant or an innocent third person as a result of the assertion of the complainant's right, laches is not predicable upon delay attending the commencement of the suit. There is no basis for a contention that the complainant has been guilty of laches where the rights of third persons are not involved and the situation of the defendant has not been materially changed by reason of the complainant's delay in asserting his rights." 27 Am.Jur.2d § 169, p. 712.

The position of the creditor who holds a nonpossessory, nonpurchase-money interest which can be avoided as against exempt property is not materially affected by a debtor's delay in asserting his right to avoid. In a typical case and in the case at bar the creditor knows all of the material facts immediately after a debtor files a petition for relief in the Bankruptcy Court. Such creditor knows what types of property can be claimed as exempt under the local law. He knows the nature of his lien and the property upon which it is impressed. With this information he knows whether or not the lien is avoidable by the debtor under § 522(f). These facts will not and do not change with time and delay. The only issue of fact which is likely to arise is whether or not the lien can be avoided to the full value of the collateral. In such a situation the creditor is not prejudiced by any delay. There may be instances in which the rights of the secured creditor are prejudiced by a delay on the part of a debtor in the assertion of these rights, and if such occurs the doctrine of laches can be applied. The debtor is required to claim his exemptions in his bankruptcy proceeding, thus parties know of his intentions in this regard prior to his discharge or the closing of the case. If he does not claim the exemption he may be estopped from asserting his avoiding power or declaring his exemption at a later time if this misleads the secured creditor and he changes his position in reliance thereon to his damage.

Likewise, a debtor should not be required to assert his rights before the case is closed. The right in question has no relation to asset liquidation. Section 547, with Section 550, cited above gives a trustee up to three years within which to avoid liens and recover property transferred. The trustee has control of the date on which the case will be closed. A debtor does not.

Under the Bankruptcy Act of 1898, the Bankruptcy Court's jurisdiction was essentially in rem and depended upon the trustee's actual or constructive possession of the debtor's assets. Once the case was closed that in rem jurisdiction was gone.

But the Bankruptcy Court as created by the Reform Act of 1978, has in personam jurisdiction as well as in rem. The closure of the case does not cause any loss of jurisdiction over "all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." 28 U.S.C. § 1471. The issues arising under § 522(f) remain within the Bankruptcy Court's jurisdiction independently of the administration of the bankruptcy case.

There is no reason why the Bankruptcy Courts and debtors and creditors should be burdened with the necessity of filing and processing formal adversary litigation in a factual situation which will, in most instances, not be contested and which, in most instances, can be settled informally.

■ I therefore find that defendant's counterclaim is not barred by failure to assert it either before the issuance of debtor's discharge or the close of administration of debtor's estate.

The other facts asserted in defendant's counterclaim are undisputed by plaintiff and I thus find defendants are entitled to a summary judgment declaring the lien of plaintiff in the property in question void under 11 U.S.C. § 522(f).