**In re Virgil W. YAZZIE, Debtor.**

**Virgil W. YAZZIE, Appellant,**

v.

**POSTAL FINANCE COMPANY,
Appellee.**

BAP No. SC–82–1106HEG.
Bankruptcy No. 81–02130–M.
Adv. No. C81–1486–M.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Sept. 15, 1982.

Decided Oct. 1, 1982.

J. Warren Beall, Oceanside, Cal., for appellant.

Jerry Michael Suppa, San Diego, Cal., for appellee.

Before HUGHES, ELLIOTT and GEORGE, Bankruptcy Judges.

OPINION

HUGHES, Bankruptcy Judge:

At issue in this appeal is whether a complaint to avoid a lien pursuant to 11 U.S.C. § 522(f)(2) must be brought within a specified time limit. We hold that, in the absence of prejudicial delay, such an action may be brought at any time.

I.

Appellant debtor filed a petition under Chapter 7 of the Bankruptcy Code and claimed his household goods exempt pursuant to 11 U.S.C. § 522(d). A discharge was granted in October 1981. In early November 1981, appellee notified appellant that it asserted a non-possessory, non-purchase money security interest in appellant's household goods. Appellant thereupon filed a complaint to avoid appellee's lien under 11 U.S.C. § 522(f)(2). Assuming that his case had been closed when his discharge was granted, appellant also filed a motion to reopen his case under 11 U.S.C. § 350(b).

The bankruptcy court entered a brief order denying the motion to reopen on March 5, 1982. This is the order on appeal. However, according to the trial court docket, the case was still open on March 5, and indeed was not closed until April 23, 1982. Thus, the order was either mistakenly entered, mislabeled or premature by almost two months.

Despite the foregoing ambiguity, it is clear from the record that the trial court ruled as it did because of its view that the lien avoidance action was time-barred. Further, the parties stipulated at argument that the order denied the appellant the opportunity to avoid a lien under 11 U.S.C. § 522(f)(2) because of the time bar.

We therefore deal with the order as having been mislabeled denial of relief under 11 U.S.C. § 522(f)(2).

## II.

No provisions of the Code or Rules (present or proposed) have established a time limit for bringing an action to avoid a lien under 11 U.S.C. § 522(f)(2). Several courts have addressed this problem, however.

### A.

The leading case supporting appellee's position is *In re Adkins,* 7 B.R. 325 (Bkrtcy.S.D.Cal.1980). In *Adkins,* the debtor gave her lender a non-possessory, non-purchase money security interest in household furniture. After filing bankruptcy, she claimed the furniture exempt. Debtor obtained her discharge. Thereafter, when the creditor sought to recover upon its security, the debtor asked the bankruptcy court to enjoin the creditor. The court declined to grant this relief, holding that a debtor must file a complaint pursuant to Bankruptcy Rule 701(3) in order to avoid a lien under 11 U.S.C. § 522(f)(2). However, it also stated (at p. 327):

It seems to me that a debtor must file a complaint to avoid a lien under § 522(f) at or before the discharge hearing.

Although dictum, this statement became the basis for holdings in at least two other cases. See *Matter of Krahn,* 10 B.R. 770 (Bkrtcy.E.D.Wis.1981); *In re Porter,* 11 B.R. 578 (Bkrtcy.W.D.Okl.1981).

The *Adkins* court stated that there must be finality to the process of lien avoidance and added (at p. 327):

It is not proper for a debtor to sit back and do nothing in protecting his rights, wait for a creditor to take some action and then decide what he wants to do.

Specifically, the court looked at reaffirmation hearings and the time within which reaffirmation agreements must be made. Apparently the court felt that, in the event a debtor cannot completely avoid a lien on his exempt property, he might need to negotiate a reaffirmation agreement. Such agreements must be made prior to the discharge hearing. 11 U.S.C. § 524(c). Thus, the court reasoned that a lien avoidance complaint under 11 U.S.C. § 522(f)(2) must be brought before the discharge is granted so that sufficient time would exist to negotiate reaffirmation agreements, or continue the discharge for the purpose of doing so.

The appellee has cited two other cases to support the time bar analysis. In *In re Williams,* 17 B.R. 204, 207 (Bkrtcy.W.D.Ky. 1982), the court refused to reopen a case to consider debtor's lien avoidance action because of the lack of "extenuating circumstances or ... justifiable excuse for the debtor's delay." Similarly, in *In re Towns,* 16 B.R. 949 (Bkrtcy.N.D.Iowa 1982), the court refused to reopen, finding that a creditor had been "prejudiced" by bringing a replevin action in "reliance" upon debtor's delay in avoiding the lien.

In the absence of any prejudice to creditors, the majority of cases hold that neither the entry of discharge nor the closing of the case are time bars to lien avoidance actions under 11 U.S.C. § 522(f)(2). See *In re Barner,* 20 B.R. 428 (Bkrtcy.W.D.Wis.1982); *In re Russell,* 20 B.R. 537 (Bkrtcy.W.D.Pa. 1982); *In re Johnson,* 18 B.R. 555 (Bkrtcy.D. Md.1982); *In re Beneficial Finance Co. of Virginia,* 18 B.R. 174 (Bkrtcy.E.D.Va.1982); *In re Brown,* 18 B.R. 323 (Bkrtcy.E.D.Cal. 1982); *In re Montney,* 17 B.R. 353 (Bkrtcy. E.D.Mich.1982); *In re Newton,* 15 B.R. 640 (Bkrtcy.W.D.N.Y.1981); *In re Gortmaker,* 14 B.R. 66 (Bkrtcy.D.S.D.1981); *In re Swanson,* 13 B.R. 851 (Bkrtcy.D.Idaho 1981); *In re Smart,* 13 B.R. 838 (Bkrtcy.D.Ariz.1981); *In re Bennett,* 13 B.R. 643 (Bkrtcy.W.D. Mich.1981); *In re Pine,* 11 B.R. 595 (Bkrtcy. E.D.Tenn.1981).

Judge Young stated in *In re Swanson,* supra, (at p. 854):

The right to avoid liens on exempt property under § 522(f) is a right granted to debtors under the Bankruptcy Reform Act of 1978. *In re Butler,* 5 B.R. 360 (Bkrtcy.D.Md.1980). It is a personal right given to a debtor, independent of case administration. It is fundamentally no different than any other legal right available to an individual. Congress has not placed any statutory limitation on the exercise of the right and I know of no

legal doctrine at common law or equity which would allow this court to create an arbitrary time limitation on the exercise of this legal right.

The *Swanson* court observed that the rights of the creditor were not materially affected by the debtor's delay in avoiding the lien.

### B.

We reject the *Adkins* analysis because we believe that reaffirmations pursuant to 11 U.S.C. § 524(c) are not related legally or factually to lien avoidances under 11 U.S.C. § 522(f)(2). We also reject the holdings of *In re Towns,* supra, and *In re Williams,* supra. A debtor's delay in exercising his lien avoidance rights does not in itself prejudice a creditor, who is deemed to know that his lien is subject to avoidance.

We are persuaded by *Swanson,* supra, and the cases which follow its reasoning, that a time limit does not exist for the bringing of such actions.

In the present case, there is nothing in the record to indicate that the creditor has been in any way prejudiced by the debtor's delay in avoiding the lien. We conclude that the trial court erred in denying appellant the lien avoidance relief he sought.

### III.

Since the case was not closed at the time the order appealed was entered, we need not decide whether case must be reopened for purposes of a lien avoidance action under 11 U.S.C. § 522(f)(2).

The order appealed is reversed and remanded for further proceedings consistent with this opinion.