**In re Terry Edwin DUSHOLE, Debtor.**

**Terry Edwin DUSHOLE, Plaintiff,**

v.

**BENEFICIAL FINANCE CO. OF MD., Defendant.**

Bankruptcy No. 82–00222–A.
Adv. No. 83–0075–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Aug. 16, 1983.

Wayne P. Yessler, Annandale, Va., for debtor.

**318**

George F. Ball, Jr., Alexandria, Va., for defendant.

MEMORANDUM OPINION AND ORDER

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

On January 26, 1983, this Court entered an order granting the debtor leave to reopen his bankruptcy proceeding for the purpose of bringing the above-styled complaint. In the complaint, the debtor seeks, pursuant to Section 522(f)(2) of the Bankruptcy Code, to avoid a non-possessory, non-purchase money lien held by defendant.

Defendant has moved to dismiss the complaint on the ground that, the debtor having been discharged and the bankruptcy case closed in June 1982, the debtor is not entitled now to reopen the bankruptcy case for the purpose of avoiding defendant's lien. In support of its motion to dismiss, defendant cites *Beneficial Finance Co. of Virginia v. Franklin,* 26 B.R. 636 (D.C.W.D. Va.1983). In the *Franklin* case, Chief Judge Turk reversed a decision of the bankruptcy court which had permitted the debtor to reopen the case.

No provisions of the Bankruptcy Code or of the Bankruptcy Rules have established a time limit for bringing an action to avoid a lien under Section 522(f)(2), and the *Franklin* decision, as Judge Turk forthrightly admits, represents the minority view. *Id.* at 643.

The majority view, as summarized by the Bankruptcy Appellate Panels of the Ninth Circuit, is that "[i]n the absence of any prejudice to creditors ... neither the entry of discharge nor the closing of the case are time bars to lien avoidance actions under 11 U.S.C. § 522(f)(2)." *In re Yazzie,* 24 B.R. 576 (Bkrtcy.App. 9th Cir.1982). The *Yazzie* court held further that "[a] debtor's delay in exercising his lien avoidance rights does not in itself prejudice a creditor, who is deemed to know that his lien is subject to avoidance." *Id.* at 578.

This Court is inclined to follow the majority rule on this issue. Such a result also accords with a prior decision in this District.

*See, In re Beneficial Finance Co. of Virginia,* 18 B.R. 174 (Bkrtcy.,E.D.Va.1982).

Accordingly, for the reasons stated herein, IT IS ORDERED, that the motion of the defendant to dismiss this complaint be, and the same hereby is, denied.