**In re Gary Ray WEBB, Sr. and Nancy Louise Barlow Webb, Debtors.**

**Gary Ray WEBB, Sr. and Nancy Louise Barlow Webb, Plaintiffs,**

**v.**

**ROBERT A. BOROUGHS, LTD. and David E. Satterfield, IV, Defendants.**

**Bankruptcy No. 82–01799–R.
Adv. No. 83–0311–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

March 25, 1985.

Robert E. Hyman, Richmond, Va., for plaintiffs.

Stanley K. Joyner, Richmond, Va., for defendants.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court on remand from the United States District Court for the Eastern District of Virginia, Richmond Division, by Memorandum and Order entered October 30, 1984 deciding that the defendant/appellant, Robert A. Boroughs, Ltd., had, for the first time, raised in the District Court the issue of costs and attorneys fees incurred in reliance on appellees' alleged delay in filing their lien avoidance action pursuant to 11 U.S.C. § 522(f), and thus the matter should be remanded for consideration by this Court. On remand, the matter was placed on the docket and briefs were submitted by the parties. The facts having been previously stipulated to by the parties on January 24, 1984, and this Court having made findings of fact pursuant thereto in its Memorandum Opinion dated April 17, 1984, the Court need not make new findings of fact but need only reiterate those facts which are pertinent to a determination of the issue on remand. Accordingly, taking into consideration the stipulation of facts previously entered into between the parties and adopted by this Court in its Memorandum Opinion dated April 17, 1984 and the briefs filed herein, the Court recites the following pertinent facts and its conclusions of law.

## STATEMENT OF FACTS

The debtors, Gary R. Webb, Sr. and Nancy L.B. Webb ("Webbs"), had an interest in property located in New Kent County, Virginia which became the subject of a contract dispute with Robert A. Boroughs, Ltd. ("Boroughs"). A law suit was subsequently brought by Boroughs against the Webbs on the contract in the Circuit Court of New Kent County, Virginia and judgment was entered in favor of Boroughs in the amount of $25,400.72 by a decree dated June 23, 1982. Having obtained a judgment, Boroughs filed a creditor's bill in equity in Virginia state court seeking to enforce the judgment against the property.

Thereafter, on November 3, 1982, the Webbs filed their homestead deeds claiming exempt a total of $8,000 equity in the subject property. On November 4, 1982, the Webbs filed a Chapter 7 petition in bankruptcy in this Court.

By Order of this Court on March 23, 1983, the Chapter 7 trustee was directed to abandon any interest in the New Kent County, Virginia property. On April 12, 1983, the Webbs were granted their discharge in bankruptcy.

The Federal Land Bank of Baltimore held a first deed of trust on the Webbs' property. Westover Mortgage Company ("Westover") claimed to have had a second deed of trust on the subject property, but Boroughs disputed the priority of Westover's deed of trust over Boroughs' judgment lien. In a suit brought by Westover and Boroughs against the Federal Land Bank of Baltimore seeking an injunction prohibiting the latter from foreclosing under its deed of trust, the Circuit Court of New Kent County, Virginia granted an injunction for sixty days and ordered briefs as between Westover and Boroughs on the priority of their respective liens. A hearing was scheduled on the matter for July 25, 1983.

The Webbs sought to intervene in that suit and file an answer. However, prior to July 25, 1983, the scheduled hearing date, the matter was compromised and settled between Westover and Boroughs giving

Westover priority over Boroughs. Once settled, Westover proceeded to foreclose and scheduled a sale for August 16, 1983.

Boroughs, believing its judgment lien took priority over the Webbs' homestead exemption, arranged for financing to purchase the property at Westover's foreclosure sale. Boroughs negotiated an agreement with the Federal Land Bank of Baltimore which provided that the latter would not call its note for one year in return for payments of $13,300.75, an amount consisting of the debt service for one year plus the arrearages under Westover's deed of trust note. At the foreclosure sale on August 16, 1983, Boroughs purchased the property and tendered payment to the trustee, David E. Satterfield, IV ("Satterfield"), under Westover's deed of trust.

Upon payment to Westover of the balance due under the deed of trust note and payment to the Federal Land Bank of Baltimore under the agreement, Satterfield retained a surplus of $8,000 claimed by both Boroughs and the Webbs. Satterfield refused to disperse the money until the priority issue was settled. Upon the filing of briefs, Satterfield decided the matter was not resolved and did not disperse the funds. Thereafter, on October 21, 1983, the Webbs filed their lien avoidance action pursuant to 11 U.S.C. § 522(f).

This Court, by Order dated April 17, 1984, granted the debtors' motion to avoid the judicial lien held by Boroughs, finding that the homestead exemption claimed by the Webbs was superior to the judicial lien held by Boroughs to the extent that the lien impaired an exemption claimed by the debtors.

This judgment was appealed to the United States District Court for the Eastern District of Virginia, Richmond Division. In an opinion by the District Court on October 30, 1984, the judgment of this Court was affirmed. However, the matter was remanded to this Court for determination of an issue not previously raised by Boroughs at the time of this Court's initial considera-

tion of this matter. On remand, the issue before the Court was submitted on briefs from which the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

At the outset, this Court has doubts about the propriety of deciding this issue on the merits. The appellant above, Boroughs, sought to raise for the first time on appeal an issue not previously raised in this Court. The general rule, with some exceptions, is that you cannot raise an issue for the first time on appeal. *See Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *Stevens v. United States*, 256 F.2d 619, 624 (9th Cir. 1958); *In re Grand Jury Proceedings*, 517 F.2d 666, 675 (5th Cir.), *reh. den.* 521 F.2d 815 (5th Cir.1975). Despite this Court's belief that all issues not raised in the trial court are waived on appeal except in exceptional circumstances, *In re Grand Jury Proceedings*, 517 F.2d 666, 675 (5th Cir. 1975), this Court must give deference to the District Court's Order remanding this issue to this Court for determination. Thus, in deference to the District Court and noting that no objection to the remand has been filed by any party to this proceeding, and without deciding the propriety of the remand, this Court will address the merits of the defendants/appellants' contention.

The issue before the Court is one of first impression in this district and in the Fourth Circuit. The question presented is whether or not this Court has the discretion to condition the debtors' right to file a post-discharge lien avoidance action on the payment to the creditor of costs and attorney's fees attributable to the enforcement of a judicial lien against property of the debtor when the debtor has delayed filing a lien avoidance action pursuant to 11 U.S.C. § 522(f) until after discharge; and if the Court has such discretion, whether it should be applied to this case to reimburse Boroughs for the costs and attorneys fees it incurred as a result of the delay.[1]

---

1. This matter having been remanded solely for a     determination of appellants' rights to attorneys

In this regard, this Court held in its prior Memorandum Opinion dated April 17, 1984 that Congress has set no time limitation which would impose upon the debtors in this case a duty to file their § 522(f) action prior to discharge or prior to the time the debtors' case is closed. Rather, in the case of *In re Hawkins,* 727 F.2d 324 (4th Cir. 1984), the Fourth Circuit adopted the view that it is within the bankruptcy court's discretion whether or not a post-discharge lien avoidance complaint should be allowed when the underlying bankruptcy case has previously been closed. The court stated that "the right to reopen a case depends upon the circumstances of the individual case and that the decision whether to reopen is committed to the court's discretion." *Id.* at 326. The court went on to hold that the incurrence of court costs and attorney's fees by a creditor in the institution of foreclosure proceedings in state court in reliance on the debtor's failure to reopen their case for over eight months could be the basis for a finding by the bankruptcy court that sufficient prejudice existed, in the exercise of its discretion, which would justify a decision that the bankruptcy case should not be reopened to allow the debtors to file their lien avoidance action.

As stated in this Court's previous opinion and the District Court's opinion on appeal, the *Hawkins* case stands for the proposition that the bankruptcy court has considerable discretion in the reopening of a closed case post-discharge in order to allow the debtors to file a lien avoidance action. The District Court in its opinion concluded that this Court is likewise possessed with the same discretionary power in deciding whether a post-discharge lien avoidance action is allowable where the bankruptcy case has not been closed. As such, the District Court affirmed this Court's decision to allow the debtors to avoid Boroughs' lien pursuant to § 522(f) after a finding by this Court that the objecting creditor "had demonstrated no hardship or inequitable conduct" by the debtors which would consti-

tute sufficient prejudice to justify barring their lien avoidance action. *In re Webb,* 49 B.R. 646, at —— (Bankr.E.D.Va.1984).

The crux of the defendants' argument on remand is that notwithstanding the District Court's affirmation of this Court's decision that Boroughs had not demonstrated sufficient prejudice under *Hawkins* to cause this Court in the exercise of its discretion to conclude that the lien avoidance action by the debtors should be barred, nevertheless this Court should exercise its discretion and condition the debtors' right to file their avoidance action on the payment to Boroughs of its costs and attorney's fees which it alleges were incurred solely as a result of the debtors' delay in filing. This argument is based on a decision of the District Court in Delaware, *Noble v. Yingling,* 37 B.R. 647 (D.Del.1984), which held that a creditor who had incurred $15 in filing fees and $150 in attorney's fees was entitled to the payment of said sums as a condition of the court granting the relief prayed for by the debtors in their lien avoidance action. *Id.* at 651. Consistent with *Hawkins* and a clear reading of the terms of § 522(f), the District Court in *Noble* pointed out that a debtor may exercise its rights under § 522(f) post-discharge if he so chooses. *Id.* at 650. This clear reading of the language of the statute is tempered only by what the *Noble* court called an "emerging rule" that the bankruptcy court may bar a debtor's lien avoidance action post-discharge only if sufficient prejudice has been shown to warrant such an action by the court. *Id.* As previously stated in the Fourth Circuit, the bankruptcy court has been given great discretion in deciding whether such prejudice exists. *Hawkins,* 727 F.2d at 326.

■ Where the *Noble* court differs at present from the law in the Fourth Circuit is in the conditioning of the right to relief in a post-discharge lien avoidance action on

---

fees and costs, this Court feels constrained from giving any consideration to the current request

of appellees for compensation to their counsel and reimbursement for costs.

the payment by the debtor of costs and attorney's fees incurred by the creditor in seeking to execute on its lien. The Fourth Circuit has not heretofore considered the question posed by *Noble*. This Court is of the opinion, however, that the exercise of the bankruptcy court's discretion in *Noble* is not inconsistent with the exercise of discretion given to this Court in the *Hawkins* decision. In fact, the two cases may be complimentary. Should a case arise in which the Court feels it would be inequitable to bar completely the debtor's filing of a post-discharge lien avoidance action, but nevertheless, it is apparent that the creditor has incurred costs and attorneys fees as a result of delays occasioned by the debtor, this Court under a rule granting the bankruptcy court discretion to condition the right to relief on the payment of modest costs and attorneys fees, could fashion such relief as would be appropriate to the case. Such a rule gives the bankruptcy court flexibility and is a logical extension of the *Hawkins* decision. However, for the reasons which follow, this Court finds that the debtors' right to file their post-discharge lien avoidance action should not be conditioned on the payment of Boroughs' costs and attorneys fees.

■ The salient facts in this case are that the debtors have claimed $8,000 of their maximum $10,000 homestead exemption in this particular property which they seek to secure by the avoidance of a lien held by Boroughs and which this Court has agreed to allow and has been affirmed on appeal. Boroughs seeks to recover and would have this Court assess $125 in costs for procuring a bond filed with the Clerk of the Circuit Court of the County of New Kent, Virginia, assess $3,750.50 in attorney's fees for prosecuting the injunction suit against the Federal Land Bank of Baltimore and defending against the lien avoidance action during the period of June, 1983 through October, 1983, assess additional counsel fees incurred in defending the lien avoidance action and prosecuting the appeal during the period of November, 1983 through September, 1984 in the amount of $8,565, and finally assess costs

of $15 for Clerk's fees. The total amount sought by Boroughs is $12,315.50 in attorney's fees and $140 in costs.

■ From the foregoing, the inequities of the situation are apparent—Boroughs would have this Court impose on the debtors as a condition for relief the payment of over $12,000 in attorney's fees plus costs. In the *Noble* case the fees and costs which were assessed by the Court as a condition to relief under § 522(f) were modest. Total costs and counsel fees in that case did not exceed $165. This Court finds that it would be disproportionate and inequitable to condition the relief sought by the debtors to protect a $8,000 exemption on the payment to the creditor of a sum greatly in excess of the actual value of the exemption. Moreover, this Court is of the opinion that it should not condition post-discharge relief under § 522(f) unless a creditor can demonstrate by clear and convincing evidence that the debtor was guilty of unreasonable delay which prejudiced that creditor, *i.e.*, laches.

In this regard, not all delay occasioned by a debtor is unreasonable nor even of a debtor's making. The reasons why a debtor may justifiably delay filing a lien avoidance action in his bankruptcy case until after discharge may vary. In the instant case this Court previously found in its Memorandum Opinion dated April 17, 1984 that the debtors were not guilty of any laches in filing their lien avoidance action. This finding was based on the following circumstances.

■ First, it is settled that debtors have no claim to an exemption in property in which the sum of the unavoidable encumbrances exceed the value of the property at a foreclosure sale. *See Fitzgerald v. Davis*, 729 F.2d 306 (4th Cir.1984); *In re Boteler*, 5 B.R. 408, 6 B.C.D. 798 (Bankr.S.D. Ala.1980). It is often only after a foreclosure sale that the amount of equity, if any, will be determined with any great certainty. Thus, it is not unreasonable nor is it laches for debtors to wait to avoid incurring the expense of avoiding a lien

under § 522(f) until such time as a more definite determination can be made as to whether or not any equity would exist in property should a judicial lien be avoided.

Second, much of the delay in this case was precipitated by Boroughs itself. Boroughs initiated suit against the Federal Land Bank of Baltimore seeking an injunction against the latter's foreclosure under its deed of trust. This action by Boroughs delayed the foreclosure sale and a determination of what equity, if any, may have existed in the property assuming Boroughs' judgment lien was avoided pursuant to § 522(f). Had this suit not been initiated, foreclosure under the first deed of trust would have taken place much earlier thereby obviating the greater portion of the expenses for which this creditor now seeks relief. Moreover, the debtors actively tried to participate in that case by seeking to intervene and file an answer in order to assert their exemption at a time when the state court was seeking to determine the priority between Westover and Boroughs. The priority dispute between Westover and Boroughs was subsequently compromised prior to the hearing date in a manner which lead to Westover's proceeding to foreclosure in August, 1983.

Third, upon foreclosure by Westover on August 16, 1983, Satterfield, as trustee under the Westover deed of trust, was unwilling to disperse the $8,000 surplus to either Boroughs or the debtors without settlement of the attendant priority dispute. It was Boroughs' mistaken assertion of priority of its judgment lien over the debtors' exemption which left the debtors with no recourse but to file their lien avoidance action pursuant to § 522(f) on October 21, 1983 after further delay necessitated by Satterfield's request for briefs to resolve the priority dispute.

This Court finds that Boroughs pursued a recovery upon its judgment lien not because they relied on the debtors' delay in filing their lien avoidance action, but instead because of a mistaken belief that the debtors were proscribed from filing a post-discharge lien avoidance action,[2] a mistaken belief that its judgment lien was superior in priority to Westover's second deed of trust, and a mistaken assumption that its judgment lien was superior in priority to the debtors' homestead exemption. This creditor now asks this Court for payment of its costs and attorneys fees for pursuing a course of conduct based on mistaken assumptions of the law. The equities in this case are clearly in favor of the debtors. Boroughs has previously lost its case in this Court and again on appeal. In the judgment of this Court, Boroughs is not entitled to any sum of money.

Accordingly, for the reasons heretofore stated, this Court should deny Boroughs' request to condition the debtors' right to avoid its lien on the payment of the costs and counsel fees incurred by the creditor.

An appropriate Order will issue.

**2.** Counsel for Boroughs maintains in its brief on remand that Boroughs did not ever contest the debtors' right to file a post-discharge lien avoidance action other than by assertion of the doctrine of laches. Although it is not stated with specificity in Boroughs' answer to the complaint that the debtors were proscribed from filing a post-discharge lien avoidance action, counsel's argument was tantamount to such an assertion, and this Court's opinion as well as the District Court's opinion on appeal addressed the argument and concluded that the allowance of such an action by the debtor was in the discretion of the bankruptcy court. For Boroughs to now maintain that it did not assert such a position is contrary to the view of this Court and the District Court on appeal.