**In re Charles A. RICKS, Debtor.**

**Bankruptcy No. 85–01737–LM7.**

United States Bankruptcy Court,
S.D. California.

July 24, 1986.

Harold D. Thompson, San Diego, Cal., for debtor.

David L. Buchbinder, San Diego, Cal., Trustee.

Jerry Michael Suppa, San Diego, Cal., for movant.

## MEMORANDUM DECISION

### RE: MOTION TO REOPEN CLOSED CASE AND AVOID LIEN

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

Charles A. Ricks ("Ricks"), the debtor in a closed Chapter 7 case, has moved the Court to reopen his case and to avoid the lien of ITT Financial Services, formerly known as Aetna Finance Company ("Aetna"), on his household furniture. Aetna opposes this motion, claiming that the debtor should not be permitted to reopen his case after his discharge because Aetna has commenced a state court action to foreclose the lien which the debtor failed to avoid.

### FACTS

Ricks filed his voluntary Chapter 7 on April 16, 1985. Aetna was scheduled as an unsecured creditor. The statement of intention filed in compliance with 11 U.S.C. § 521 indicated that Ricks had no secured consumer debts. The debtor claimed all household goods and furniture as exempt, which exemption was allowed.

The Declaration of Harold D. Thompson, attorney for Ricks, states that on June 4,

1985, Thompson received a phone call from an Aetna representative who said he had not received the Chapter 7 bankruptcy notice. Thompson provided the filing date and case number. On August 19, 1985, the debtor's discharge was entered. On October 24, 1985, Thompson received a demand letter from Aetna. On October 30, 1985, Thompson wrote Aetna's counsel, Mr. Jerry Suppa, requesting copies of the note, security agreement, financing statement and list of collateral. On November 4, 1985, Mr. Suppa forwarded copies of all the documents except the list of collateral. On November 18, 1985, Aetna filed its complaint in state court for possession of various items of the debtor's household furniture, which it held as collateral. The debtor timely answered that complaint and contemporaneously filed and served a notice of intent to obtain a court order avoiding Aetna's lien. After waiting the 20–day notice period, during which no opposition was filed by Aetna, Thompson submitted an order. The order was returned by the court clerk because the debtor's case had been closed on November 5, 1985. On January 30, 1986, this motion to reopen was filed.

## ISSUE

Did Aetna's state court lawsuit costs, expended to recover its collateral after Ricks received his discharge, so prejudice Aetna that the Court should decline to reopen this case to permit lien avoidance?

## DISCUSSION

This Court has previously addressed the broader legal question of whether a bankruptcy court should reopen a closed case in order to permit a debtor to file a motion to avoid a lien under 11 U.S.C. § 522(f). See, *In re Yazzie*, 24 B.R. 576 (BAP 9th Cir. 1982). *Yazzie* held that, absent prejudicial delay, a debtor may bring a lien avoidance motion at any time. *Yazzie* rejected the holding of *In re Adkins*, 7 B.R. 325 (Bankr. S.D.Cal.1980), which required a debtor file his lien avoidance motion before the discharge hearing or forever forfeit the right to do so. 7 B.R. at 327.

*Hawkins v. Landmark Finance Co.*, 727 F.2d 324 (4th Cir.1984), the only circuit level decision to address the question of reopening a closed case to permit lien avoidance, also rejected *Adkins*. *Hawkins* held that bankruptcy courts have the discretion to decide whether or not to reopen a closed case. 727 F.2d at 326. The *Hawkins* debtors did not seek to reopen their case for over eight months and, then, not until the creditor had instituted foreclosure proceedings. The court found this delay prejudiced the creditor because it had commenced a state court action and incurred court costs and attorneys fees in reliance on the fact that the debtors did not challenge the "validity or viability" of the lien before their case was closed. *Id.* at 327. The court concluded that the bankruptcy court acted within its discretion in denying the debtors' motion to reopen.

In *Noble v. Yingling*, 37 B.R. 647 (D.Ct. Del.1984), a Delaware district court permitted the debtors to file a post-discharge action to avoid a creditor's lien under § 522(f). The *Noble* court followed the "emerging rule" that a post-discharge lien avoidance action should be time-barred only if the debtor's delay causes sufficient prejudice to the creditor to warrant barring the lien avoidance action. 37 B.R. at 650.

In *Noble,* the court found that the creditor's costs in executing its judgment lien were directly attributable to the debtor's failure to bring a pre-discharge lien avoidance action. *Noble, supra,* at 651. The *Noble* court found that incurring these costs did not sufficiently prejudice the creditor so as to justify barring the debtors' statutorily conferred lien avoidance right, concluding:

The equitable solution in cases of this type is to *condition* the debtor's right to file his lien avoidance action on his payment to the creditor of any extra costs attributable to that delay. *Id.* [emphasis added]. See also *In re Barner*, 20 B.R. 428, 430 (Bankr.E.D.Wisc.1982); *In re Montney*, 17 B.R. 353, 358 (Bankr.E.D.

Mich.1982); *In re Bennett,* 13 B.R. 643, 644 (Bankr.W.D.Mich.1981).

■ However, the mere expenditure of attorneys fees and costs by the creditor post-discharge is not, in all instances, reason to require a debtor to pay those fees as a condition of reopening his case to permit the § 522(f) action to proceed. In *In re Webb,* 48 B.R. 454 (Bankr.E.D.Va.1985), a creditor incurred legal costs in excess of $12,000 in connection with post-discharge foreclosure proceedings against the debtors. The debtors did not file their motion to avoid the creditor's lien until seven months after their discharge. This delay was primarily due to an action which the creditor brought to enjoin another lienholder from foreclosing on the debtors' property. The bankruptcy court (in a *Hawkins* jurisdiction) granted the debtors' motion to reopen their case. On appeal, the creditor raised the issue of reimbursement of its post-petition legal fees, and although affirming the bankruptcy court's judgment, the district court remanded the case for consideration of this question.

On remand, the *Webb* court followed *Noble* and held that it had discretion to condition reopening of a case on payment by the debtor of the creditor's costs and fees, but stated:

... [I]t should not condition post-discharge relief under § 522(f) unless a creditor can demonstrate by clear and convincing evidence that the debtor was guilty of unreasonable delay which prejudiced that creditor, i.e., laches. 48 B.R. at 458.

The *Webb* court found that the debtors' seven month delay was not laches, nor was it unreasonable and, therefore, declined to condition the debtors' right to file their lien avoidance action on payment of the creditor's legal costs.

■ This Court is bound by *Yazzie* and, therefore, in the absence of prejudicial delay, must reopen a closed case to permit a debtor to file a § 522(f) lien avoidance action. *Yazzie, supra,* at 576. Demonstrating "prejudicial delay" is the burden of the creditor, and is determined by reference to the equitable doctrine of laches.[1] Since laches depends on the facts and circumstances of each case, equity does not arbitrarily limit the time within which the debtor may exercise his § 522(f) lien avoidance right. See, *Matter of Swanson,* 13 B.R. 851, 854 (Bankr.D.Idaho 1981).

■ In the instant case, the debtor is not "guilty" of laches. The primary reason Ricks did not avoid Aetna's alleged lien during the pendency of his case is because he did not know the lien existed. Ricks' schedule of liabilities lists no secured creditors. Aetna was scheduled as an unsecured creditor and knew, or should have known, of this creditor classification on June 4, 1985, when debtor's counsel provided Aetna with the filing date and case number. Aetna made no attempt to clarify the character of its debt until after the debtor was discharged.

Ricks timely claimed his household furnishings exempt and that exemption was allowed by the trustee. His delay in filing a post-discharge lien avoidance action could not have prejudiced Aetna. As observed in the *Matter of Swanson:*

The position of the creditor who holds a nonpossessory, nonpurchase-money interest which can be avoided as against exempt property is not materially affected by a debtor's delay in asserting his right to avoid. In a typical case and in the

---

1. "One of the principal constituents of laches is injury, prejudice, or disadvantage to the defendant or to an innocent third person in the event relief is granted to the complainant ... [L]aches is not ... a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced ... inequity founded upon some change in the condition or relations of the property or the parties ... The court may conclude that suit is not maintainable where, pend-

ing the complainant's delay in asserting his claims, there has been a change of conditions which cannot be disturbed without producing injustice; ... or where the defendant has placed himself in a situation which will cause him injury or prejudice if the complainant is not held to be barred of relief." *Matter of Swanson,* 13 B.R. 851, 855 (Bankr.D.Idaho 1981), (quoting 27 Am.Jur.2d § 169, p. 712).

case at bar, the creditor knows all of the material facts immediately after a debtor files a petition for relief in the Bankruptcy Court. Such creditor knows what types of property can be claimed as exempt under the local law. He knows the nature of his lien and the property upon which it is impressed. With this information he knows whether or not the lien is avoidable by the debtor under Section 522(f). These facts will not and do not change with time and delay. *Id.* at 855.

Under the facts of this case, Aetna cannot reasonably explain its action of pursuing this debtor in state court on an obviously worthless and avoidable lien as detrimental reliance on the debtor's inaction.

Accordingly, this Court grants the debtor's motion to reopen his case and avoid the lien of Aetna.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for debtor shall prepare an order in conformance with this Decision within ten (10) days from the date of entry hereof.