**In re Richard J. PAUL, Debtor.**

**Bankruptcy No. 91–02932.**

United States Bankruptcy Court, D. South Carolina.

Oct. 24, 1995.

Dana Wilkinson, Columbia, SC, for Debtor.

Michael M. Beal, Columbia, SC, for NationsBank.

*ORDER DENYING MOTION
TO REOPEN CASE*

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER came before the Court on the motion of Richard J. Paul (the **"Debtor"**) to reopen his case. The Motion to Reopen Case was filed on September 20, 1995. On October 5, 1995, NationsBank, National Association (Carolinas)'s (**"NationsBank"**) filed its objection to the Debtor's Motion to Reopen Case.

*Findings of Facts* [1]

1. On or about December 29, 1989, the Debtor signed a guarantee of payment regarding two loans between NationsBank and CPM Investors, a partnership of which the Debtor was a partner.

2. On or about May 13, 1991, the Debtor filed for relief pursuant to Chapter 11 of the United States Bankruptcy Code. The Debtor did not list NationsBank's claim relating to the guaranty of payment on his schedule of liabilities.

3. On or about July 29, 1993, the Debtor's bankruptcy case was closed.

4. On or about September 8, 1994, the Debtor was served with a complaint initiated by NationsBank in state court to foreclose on the property which was mortgaged by CPM Investors and to obtain a deficiency judgment against the partners and guarantors. These actions bear case numbers 94–CP–10429 and 94–CP–104130. The only matter remaining in these actions is a final ruling of the magistrate; a hearing has already occurred regarding these complaints.

5. On or about September 20, 1995, the Debtor filed his motion to reopen to allow him to amend his schedules in order to retroactively include NationsBank so that NationsBank's debt would be discharged.

*Discussion and Conclusions of Law*

■ Whether a bankruptcy court should reopen a case depends upon the circumstances of the individual case; this decision is committed to the court's discretion. *Hawkins v. Landmark Finance Co.,* 727 F.2d 324, 326 (4th Cir.1984). "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).[2] In determining whether a bankruptcy case should be reopened, courts frequently review the following factors: (1) any prejudice to the creditor which would be affected by the reopening of the bankruptcy case and (2) whether the debtor intentionally omitted the creditor or whether the omission was part of a fraudulent scheme. *Hawkins,* 727 F.2d at 327; *In re Gray,* 57 B.R. 927, 930 (Bankr.D.R.I.1986).

In *Hawkins,* the debtor requested that the court reopen his bankruptcy case to allow for a lien avoidance action against Landmark. The Court of Appeals for the Fourth Circuit upheld the bankruptcy court's denial of the motion to reopen the case finding that the debtor failed to request a reopening of his case for over eight months, and only then, after a creditor had instituted a claim and delivery action. This delay constituted prejudice to the creditor due to the court costs and attorney fees incurred by the creditor in bringing the claim and delivery action. *Hawkins,* 727 F.2d at 327.

■ The Debtor's case was closed over two years ago and the Debtor did not seek to reopen his case until one year after NationsBank commenced its action against him. The court concludes that if the Motion to Reopen were granted, NationsBank would be prejudiced after investing time and resources in pursuing state court collection actions of this debt.

■ NationsBank would be further prejudiced due to the Debtor's treatment of unsecured creditors under his plan of reorganization. The Debtor filed his petition under Chapter 11 of the Bankruptcy Code. Pursuant to his plan of reorganization, the Debtor provided for no payments to the unsecured creditors. The provisions of Chapter 11 are

1. All Findings of Fact which are more appropriately characterized as Conclusions of Law (wholly or in part) shall be deemed as such, and *vice versa.*

2. Further references to the United States Bankruptcy Code, § 101 *et seq.,* will be by section number only.

established to allow the creditors to evaluate the feasibility of a debtor's plan of reorganization and to ensure that the creditors will receive no less in Chapter 11 than they would in a Chapter 7 liquidation. *See* § 1129. By reopening his case to include NationsBank, the Debtor is attempting to discharge NationsBank's debt while depriving NationsBank of its rights under the Bankruptcy Code. NationsBank would be prejudiced if the Debtor's bankruptcy case were reopened because the Debtor's plan provides for no distribution to unsecured creditors and NationsBank was not afforded the opportunity to be heard at confirmation.

■ The Debtor alleges that NationsBank had notice due to a NationsBank credit card debt which was scheduled by the Debtor. "Once a debtor receives a discharge, it is up to the creditor to show that he has not been duly scheduled, and the burden then shifts to the debtor to come forward with evidence that the creditor had notice or actual knowledge of the bankruptcy proceeding." *In re Gray,* 57 B.R. at 931–932. The Debtor admits in his pleadings that NationsBank was not scheduled properly. Thus, it is the Debtor's burden to show that NationsBank had notice. To simply allege that NationsBank had notice because a credit card debt was scheduled ignores the fact that NationsBank is a $200 billion dollar lending institution with thousands of employees in several states and numerous divisions responsible for different types of loans and obligations. The Debtor has failed to meet his burden of showing that NationsBank had notice that the Debtor was in bankruptcy and that the Debtor was attempting to discharge the obligation related to the guaranty of payment in the bankruptcy case. "The failure to schedule a creditor will ordinarily result in that debt being excepted from discharge ..." *In re Gray,* 57 B.R. at 931. In *Hawkins,* the creditor's claim was scheduled as unsecured although it was a secured claim. The court held that the creditor was under no obligation to correct the error that the creditor has "... the right to rely on the debtors, who were represented by counsel, to assert their [debtors'] own rights." *Hawkins,* 727 F.2d at 327. NationsBank should be able to rely on the Debtor's failure to provide notice of this debt so that this debt was not affected by the bankruptcy case.

■ Finally, the Debtor's Motion should be denied because it is barred by laches.

Laches is sustainable only on proof of both of two elements: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense."

*Mogavero v. McLucas,* 543 F.2d 1081, 1083 (4th Cir.1976) (quoting *Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961)). Here, the Debtor was not diligent in properly scheduling NationsBank on his schedules and he was not diligent in bringing this motion in a timely matter. NationsBank instituted the state court action in September 1994; the state court action is almost complete and now, one year later, the Debtor has moved to reopen his case. Clearly this is not diligent and NationsBank is prejudiced due to the time and expense in pursuing this action in reliance on its ability to enforce any deficiency judgment against the Debtor.

Accordingly, for all of the foregoing reasons, it is therefore ORDERED that the Motion To Reopen Case is DENIED in its entirety.

AND IT IS SO ORDERED.