**In re Fen CHEN, Debtor.**

**Bankruptcy No. 98–12419(MVB).**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

March 9, 1999.

---

Denise Palmieri, Palmieri & Palmieri, P.C., Vienna, VA, for Bolling Brook Towers Condominium, Inc.

Stephen Quatannens, Alexandria, VA, for debtor.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

Today we review the debtor's motion to reopen his bankruptcy case so that he may avoid liens which he claims, impairs his exemption in property. Bolling Brook Towers Condominium, Inc. ("Bolling Brook"), a creditor objects to the motion as a waste of judicial resources because, it claims, that the liens sought to be avoided are statutory and not avoidable under Bankruptcy Code section 522(f).

This case was originally filed on March 27, 1998 and a discharge was granted on July 2, 1998. At the hearing on this matter on February 16, 1999, it was conceded by counsel for the debtor that at the time of the filing of the bankruptcy petition, there were five liens on the subject property consisting of four separate condominium association liens as well as another judgment lien. However, only one of the condominium association liens was listed on the debtor's schedules and no action was taken to attempt to avoid this lien. Debtor's counsel stated that he thought the lien was a judicial lien and was "rather small" and therefore did not proceed with an avoidance motion. Thereafter, debtor's counsel determined that there were two liens filed on April 14, 1998 which are condominium association liens.

The debtor's first language is Chinese and he had done a majority of the research concerning the liens himself. As such, debtor contends that the information relied on by his counsel was incomplete. The debtor argues that because of these circumstances, the case should be reopened and that it would not be prejudicial to the creditor.

In response, the creditor argues that reopening the case is untimely and nevertheless would be a waste of judicial resources because the liens would not be avoidable as they are statutory liens based on the Virginia Condominium Act and not judicial liens. As such, the liens cannot be avoided and reopen-

ing of the case would not impact the validity of the liens. Further, the creditor argues that the debtor could have discovered the liens while the bankruptcy case was open and should have requested a determination as to the avoidability of the liens during the case. Waiting until after the case is closed and after the creditor commenced foreclosure proceedings following the discharge is prejudicial to the creditor.

█ Section 350(b) governs the reopening of closed bankruptcy cases and provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor or for other cause." 11 U.S.C. § 350(b). In the Fourth Circuit it is clear that the determination as to whether to reopen a case is at the complete discretion of the court. *Thompson v. Virginia (In re Thompson)*, 16 F.3d 576, 581–82 (4th Cir.), *cert. denied*, 512 U.S. 1221, 114 S.Ct. 2709, 129 L.Ed.2d 836 (1994); *Hawkins v. Landmark Finance Company (In re Hawkins)*, 727 F.2d 324, 327 (4th Cir.1984) (stating right to reopen is discretionary and depends on circumstances of case).

In *Hawkins* the bankruptcy court did not reopen the bankruptcy case and the Fourth Circuit determined that this was not an abuse of discretion by the lower court. In that case, the debtor was aware of the lien but erroneously listed the debt on its schedules as being unsecured when the debt was in fact a nonpurchase money security interest in the debtor's furniture. The lien could have been avoided under section 522(f)(2)(A), however, no avoidance motion was made during the pendency of the case. After the debtor received a discharge and the case was closed, the creditor instituted foreclosure proceedings. At that point, the debtor sought to reopen his bankruptcy case to avoid the lien. The court denied the motion to reopen finding that the creditor would be prejudiced because it had relied on the fact that the debtor did not institute an avoidance action and had incurred court costs and counsel fees in reliance on the fact that the debtors did not challenge the validity or viability of the lien. *Id.* at 327.

Laches has also been a basis for denying a motion to reopen. *In re Paul*, 194 B.R. 381, 384 (Bankr.D.S.C.1995). In *Paul*, the court found that the debtor was barred from reopening his case because the motion was untimely. The case had been closed for

more than two years before the debtor sought to reopen it to add a creditor. The motion was made only after a state court action was nearly complete and more than one year had elapsed from the time the state court action had been commenced. The court concluded that the debtor had not been diligent and that the creditor was prejudiced due to the time and expense it had incurred in pursing the state court action in reliance on its ability to enforce any deficiency judgment against the debtor. *Id.*; *see In re Bianucci*, 4 F.3d 526, 528–29 (7th Cir.1993) (denying motion to reopen and avoid lien where creditor listed debt on schedules but did not avoid lien and more than two years had passed since bankruptcy case was closed and where creditor incurred court costs and counsel fees in reviving judgment).

Similarly, in *In re Godley*, 62 B.R. 258, 262 (Bankr.E.D.Va.1986), the court denied a debtor's motion to reopen her bankruptcy case to add omitted creditors. The court granted the motion on a limited basis to add one of the creditors where it was clear that the debtor did not intend to omit that creditor. As to a second creditor however, the court denied the motion finding that it was apparent that the debtor was aware of this creditor and intentionally omitted it from her schedules. The court found that this creditor had been prejudiced by the debtor's intentional failure to schedule her liability and that the clear intent to deceive the creditor from knowing that she had filed for bankruptcy was sufficient cause to deny the motion to reopen. *Id.*

■ The case at bar is substantially similar to *Hawkins* and the other cases cited above. Here, the debtor was aware that at least one lien had been filed by the creditor because it was listed on the debtor's schedules. The debtor admitted that he did nothing to avoid the lien during the pendency of the case. He is now seeking to avoid all of the pre-petition liens of the creditor well after the bankruptcy case was closed and only after the creditor sought to foreclose on the property securing the lien. Clearly the creditor has sustained court costs in instituting the state court foreclosure proceedings and would be prejudiced if the case were

reopened. Accordingly, the motion to reopen must be denied.

It should be noted that both the debtor and creditor urge us to consider whether the liens are in fact avoidable. No evidence was presented on the issue and such a ruling is not necessary to our decision not to reopen this case.

The motion to reopen is denied.