### In re HUNTER, John, Debtor.

### No. 00–11191–9P7.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 5, 2002.

Thomas S. Heidkamp, Leisure & Heidkamp, Ft. Myers, FL, for debtors.

Shari S. Jansen, Sarasota, FL, Chapter 7 Trustee.

M. Lewis Hall, III, Williams, Parker, Harrison, Dietz & Getzen, PA, Sarasota, FL, for M. Lewis Hall, Jr.

### ORDER SUSTAINING OBJECTION TO MOTION TO REOPEN CASE; VACATING ORDERS REOPENING CASE; AND DENYING MOTION TO REOPEN CASE

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration is an Objection to a Motion to Reopen Case, filed by M. Lewis Hall, Jr. (Hall). In order to place the Objection into context, a brief recap of the procedural history of this Chapter 7 case should be helpful. John Hunter (Debtor) filed his Voluntary Petition for relief under Chapter 7 on July 18, 2000. Together with the Petition itself, the Debtor also filed all documents required by F.R.B.P. 1007, including his Schedule of Liabilities.

It is without dispute that Hall was not scheduled as a creditor, either as a secured creditor or as an unsecured creditor on Schedule F. It is also without dispute that Hall did not receive notice of the pendency of the Chapter 7 case of the Debtor. He did not receive any notice of the relevant bar date for filing an objection to the claim of exemption of the Debtor, the bar date to file an objection to the general discharge, or the bar date to challenge the dischargeability of debts pursuant to 11 U.S.C. § 523(a)(2)(4)(6) or (15). Although the Debtor amended his Schedule F several times, none of these amendments included Hall as a creditor.

On October 10, 2000, the Trustee filed her Report of No Distribution. On November 17, 2000, the Debtor received his discharge. On November 29, 2000, this Court entered the Final Decree and the Chapter 7 case was closed on the same date. Ordinarily, this would end this Court's involvement with a debtor. Unfortunately, the entry of the Final Decree was really the prologue and not an epilogue because more than 18 months later, the Debtor filed his first Motion to Reopen the Chapter 7 case in order to file Motions to Avoid Liens, as against eight creditors, among them the judicial lien of Hall.

Even though an Order granting the Motion to Reopen Case was not entered until May 28, 2002, simultaneously with the filing of the Motion to Reopen Case, the Debtor filed eight Motions to Avoid Lien, and among them was the Motion to Avoid the Lien of Hall. On May 28, 2002, this Court entered eight separate Orders denying all eight Motions mentioned above.

Also on May 28, 2002, the Debtor commenced an Adversary Proceeding against Hall. In his Complaint, the Debtor sought a determination by this Court that the debt owed, admittedly to Hall, was not excepted from the protection of the general discharge granted to the Debtor on November 17, 2000, before the original Chapter 7 case was closed.

On June 4, 2002, the Debtor refiled his Motion to Avoid the Lien of Hall, together with the other seven Motions. On June 5, 2002, this Court entered its Order directing all respondents named in the Motions to respond to the same. On June 11, 2002, the Debtor filed his Certificate of Service regarding the Order granting the Motion to Reopen Case on both Hall and Silveria & Hall. On June 12, 2002, Hall filed "Objections to Debtor's Motion to Re–Open Bankruptcy Case and Objection to Verified Motion to Avoid Judicial Lien as to M. Lewis Hall, Jr." (Doc. No. 58) (Objection).

On July 10, 2002, the Debtor filed an Amended Motion to Reopen Case (Doc. No. 70) for the purpose of (1) filing eight Motions to avoid liens regarding all of the parties named earlier, including the lien of Hall; (2) filing an Amendment to Schedule F; and (3) initiating an adversary proceeding against Hall. On July 15, 2002, this Court entered an Order and granted the Debtor's Amended Motion to Reopen Case, *ex parte*, without notice and hearing. On July 23, 2002, the Debtor filed an Amendment to Schedule F, but failed to pay the required fee and failed to notice the § 341 Meeting of Creditors.

On July 25, 2002, this Court held a preliminary hearing to consider the Objection. Thereafter, on July 30, 2002, this Court entered an Order striking the Amendment to Schedule F (Doc. No. 72).

In his Objection, Hall states that he is a judgment creditor of the Debtor; that his judgment was properly recorded on the Public Records of Lee County Florida; and that he had no actual or constructive notice of the Voluntary Petition filed by the Debtor. Hall further contends that he had valid basis to challenge the Debtor's

claim of exemption on the ground that the value of the personal property claimed by the Debtor as exempt far exceeded the $1,000 cap on the claim of exemption of personal property. And, it "would be extremely difficult to determine an accurate value of the personal property of the Debtor claimed as exempt." Therefore, he would be highly prejudiced by the delay of the Debtor to bring this Motion to Reopen. In addition, Hall contends that the action which prompted the Debtor to move to reopen the case was Hall's initiation of discovery in aid of execution on his judgment; that he has hired a private detective to locate the Debtor and investigate his assets; that he scheduled deposition and served the Debtor with a subpoena duces tecum, which the Debtor ignored; that he paid a Court Reporting Service to attend the deposition; and that he incurred costs in addition to attorney fees.

According to Hall, the Debtor's laches and the failure to provide notice of his bankruptcy prejudiced him; that he was prevented to appear from attending the § 341 Meeting of Creditors and from serving on the unsecured creditor's committee [sic]; that he was unable to conduct a 2004 examination in order to locate potential assets; and now the trail of those assets are cold. In addition, Hall contends that the debt owed by the Debtor to him is a nondischargeable debt based on " § 523(a)(4)" and he is no longer in a position to bring an adversary proceeding to determine the dischargeability of the debt. Therefore, he is prejudiced if the case is reopened in order to avoid his judicial lien.

At the hearing on the Objection, this Court heard argument of counsel for the Debtor and argument of Hall, an attorney duly admitted to practice before this Court, representing himself. Having heard argument of the parties and having considered the relevant portions of the record of this case, this Court now finds and concludes as follows.

The right of the Debtor to reopen a closed case is governed by 11 U.S.C. § 350 and by F.R.B.P. 5010 respectively. 11 U.S.C. § 350 entitled, "Closing and reopening cases," provides as follows:

(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

F.R.B.P. 5010 entitled, "Reopening Cases," provides as follows:

A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

As a general proposition, a closed case can be routinely reopened for the limited purpose of according relief to the debtor. It is equally true, however, if reopening the closed case would serve no purpose, it is pointless to reopen the case and the motion should be denied. If the purpose of reopening a closed Chapter 7 case is to amend the Schedules and add an omitted creditor, reopening would serve no purpose because the dischargeability of the omitted debt would be uneffected by the belated scheduling. *In re Beezley,* 994 F.2d 1433 (9th Cir.1993). If the purpose to reopen the case is to seek to avoid a judicial lien on property of the *debtor* pursuant 11 U.S.C. § 522(f)(1), this might justify the reopening depending on the type

of property involved. This is so because while a debtor may avoid a judicial lien pursuant to 11 U.S.C. § 522(f)(1), this right to do so is limited and he may avoid a lien only to the extent that the lien impairs an exemption to which the debtor would have been entitled.

In the present instance, the Debtor seeks to reopen a closed case for the purposes of amending the Schedules to add an omitted creditor. As noted earlier, this alone would not justify to reopen a closed case. *In re Beezley, supra.* The second stated objective is to reopen the case to avoid a judicial lien. If the judicial lien sought to be avoided involves the Debtor's homestead, under Article X of the Florida Constitution, the same is immune and cannot be reached by creditors. Thus, any avoidance action would be pointless and would serve no purpose. If the avoidance sought involves personal property of the Debtor, which under Article X, Section 4, is limited to $1,000, the Debtor is free to assert the exemption claim in the state enforcement proceeding commenced by the creditor. It is pointless to raise the affirmative defense of discharge in bankruptcy because the Debtor would still be immune to the claim of the creditor within the $1,000 limit, and any property in value in excess of that amount would be subject to execution by the judgment lien creditor. *See Fla.Stat.* § 222.061, method of exempting personal property; inventory.

■ It is also well established that to grant or deny a motion to reopen is in the sound discretion of the court. *In the Matter of Bianucci,* 4 F.3d 526 (7th Cir.1993). It is well recognized that the motion to reopen is an equitable proceeding and laches is a valid and recognized defense to any motion to reopen a closed case. In considering this defense, the Court will take into account the prejudice, which may be imposed on a creditor, due to the delay by the debtor to bring the action to avoid the judicial lien. In the case of *Bianucci, supra,* the court held that the debtor's motion to reopen a closed case for the purpose of avoiding a lien after two years that the case had been closed, and the creditor incurred costs in reliance of inaction by the debtor, was without merit and denied.

■ In the case of *In re Chen,* 231 B.R. 901 (Bankr.E.D.Va.1999), the court denied the debtor's motion to reopen as the debtor did nothing to avoid the lien during the pendency of the case, and only sought to avoid the lien after the case was closed, and only after the creditor sought to foreclose on property securing the lien. In exercising discretion in considering a motion to reopen a closed cased, a court should consider the extent of the prejudice suffered by the omitted creditor due to the delay of the debtor to seek to reopen the closed case after the omitted creditor proceeded to pursue the enforcement of his claim under applicable nonbankruptcy law in reliance of the debtor's failure to act and correct the mistakes and omission before the case was closed.

■ In this instance, the Debtor now seeks to correct these mistakes 18 months after the date of the entry of the Final Decree. It is undisputed that the Debtor's delay to seek to reopen the closed case would be greatly prejudicial to Hall. It is undisputed that Hall was not scheduled, did not receive, and had no actual knowledge of the pendency of the case. He lost his right to actively participate in the chapter 7 case of the Debtor. He lost his right to attend the Meeting of Creditors, to examine the Debtor, to challenge the Debtor's right to a discharge, and to challenge the dischargeability of the debt owed to him. In this connection, it should be noted that Hall, in responding to the Amended Complaint of the Debtor, in

which the Debtor sought a determination by this Court that the liability of the Debtor represented by the judgment is not within the exception of 11 U.S.C. § (a)(3), filed a counterclaim. In the counterclaim, Hall contends that his claim, set forth in counts I – IV, is non-dischargeable by virtue of Section 523(a)(2), (a)(4), and (a)(6). Of course, these claims can no longer be asserted because F.R.B.P. 4007 provides that any non-dischargeable claim based on these sections shall be brought not later than sixty days after the first date of the Meeting of Creditor, a time which has long expired.

Finally, and most importantly, Hall has lost the right to challenge the Debtor's claim of exemption of personal properties, which according to Hall, far exceed in value what could be claimed under applicable law, Article X, Section 4 of Florida Constitution. In addition, in reliance of the inaction by the Debtor, Hall incurred considerable expense to conduct proceeding in aid of execution, having engaged the services of a private detective, issuing a subpoena in duces tecum, scheduling a deposition, and incurring the cost of employing a court reporter service, even though the Debtor failed to attend. *See also Hawkins v. Landmark Finance Co.*, 727 F.2d 324 (4th Cir.1984) (court denied motion to reopen where creditor expended time, money, and incurred legal expenses in reliance on the lien).

In sum, under the facts of this case, the Motion to Reopen is without merit and should be denied. The Objection interposed by Hall should be sustained and the previous Orders by this Court should be vacated. In light of the foregoing, it is also appropriate to dismiss the Adversary Proceeding by separate Order.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objections to Debtor's Motion to Re–Open Bankruptcy Case and Objection to Verified Motion to Avoid Judicial Lien as to M. Lewis Hall, Jr. (Doc. No. 58) be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DECREED that the Order Granting the Motion to Reopen Case (Doc. No. 29) and Order Granting the Amended Motion to Reopen Case (Doc. No. 71) be, and the same are hereby, vacated. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Reopen Case (Doc. No. 20) and Amended Motion to Reopen Case (Doc. No. 70) be, and the same are hereby, denied. This Chapter 7 bankruptcy case stands closed.