### In re Patricia Kathleen B. SERGE, Debtor.

#### No. B–02–80727C–7D.

United States Bankruptcy Court,
M.D. North Carolina,
Durham Division.

Nov. 7, 2002.

Michael J. McCrann, Aberdeen, NC, for Debtor.

John A. Northen, Chapel Hill, NC, trustee.

## ORDER

### WILLIAM L. STOCKS, Chief Judge.

This case came before the court on November 6, 2002, for hearing on a motion filed on behalf of the Debtor to reopen this case. Debtor seeks to reopen this case in order to amend her schedules to list five unsecured creditors who existed pre-petition and who were omitted from the schedules through oversight of the Debtor. Michael J. McCrann appeared on behalf of the Debtor.

### FACTS

The following facts appear of record and are not disputed. This case was filed on March 7, 2002. On March 7, 2002, the Clerk of Bankruptcy Court issued a Notice of Chapter 7 Bankruptcy Case which, among other things, stated:

"Please Do Not File A Proof of Claim Unless You Receive a Notice To Do So."

The ensuing administration of this case confirmed that there were no assets available from which payment to unsecured creditors could be made. On May 30, 2002, the Trustee filed a Trustee's Report of No Distribution in which he reported that he had neither received any property nor paid any money on account of the estate. On June 17, 2002, Debtor was granted a discharge and on August 5, 2002, an order was entered closing this case. Debtor's motion to reopen was filed on October 15, 2002. No assets have been discovered in this case and no notice has ever been issued setting a bar date for the filing of claims.

### LEGAL CONCLUSIONS AND DISCUSSION

The discharge under § 727(b) applies to "all debts that arose before the date of the order for relief." This language includes *all* prepetition debts without regard to whether they are scheduled. However, § 523(a)(3), which deals with the effect of a failure by the debtor to schedule a debt, provides:

(a) A discharge under section 727...does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice

or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

Under the provision of § 523(a)(3)(A), one of the factors that determines the effect of a debtor's failure to schedule a creditor is whether the case is a no-asset Chapter 7 case'. This is true because in no-asset Chapter 7 cases no bar date is set, with the result that § 523(a)(3)(A) is never triggered in such cases. Stated another way, because there is no bar date in a no-asset Chapter 7 case, there never can be a time in such cases when it is too late "to permit timely filing of a proof of claim."

Since the present case is a no-asset Chapter 7 case the indebtedness that the Debtor seeks to add to the schedules is already discharged even though such debts were not listed or scheduled, unless the debts fall within § 523(a)(3)(B) or one of the other exceptions to discharge set forth in § 523(a). See *In re Cates*, 183 B.R. 723 (Bankr.M.D.N.C.1995); *In re Mendiola*, 99 B.R. 864 (Bankr.N.D.Ill.1989). Moreover, as pointed out in *Mendiola*, even if the debts in question do fall within one of the exceptions in § 523(a) other than § 523(a)(3)(A), scheduling the debts at this time will not change or affect the status of the debts as regards dischargeability.

Section 523(a)(3)(B) is applicable where a debt of the type described in subsections (2), (4) and (6) of § 523(a) was neither listed nor scheduled in time to permit the timely filing of a proof of claim and complaint to determine dischargeability, and the creditor did not know about the case within that time. This provision is intended to protect the creditor's right to obtain a determination of the dischargeability of a debt in those instances where such right might otherwise be lost by reason of the passage of time.[1] Again, however, whether the claim is added to the schedules has no effect upon the dischargeability of the claim under § 523(a)(2), (4), (6) or (15). Reopening a case to list a creditor will not extend the time to file complaints to determine dischargeability under these subsections of § 523(a), nor will reopening render a nondischargeable claim dischargeable. Either the unlisted creditor had actual, timely notice of the case or it did not. If the unlisted creditor had such notice and failed to file a timely complaint to determine dischargeability pursuant to subsections (2), (4), (6) or (15) of § 523(a), then the claim is discharged. On the other hand, if the unlisted creditor did not have such notice and the claim is one that is nondischargeable under § 523(a), then the claim is not discharged. Reopening the case and amending the schedules after the case has been closed, however, does not change the situation regarding dischargeability one iota.

In the present case, Debtor seeks to reopen and to amend the schedules to list five creditors in order to subject their debts to discharge. For the reasons just stated, reopening this case will not accord the Debtor the relief she seeks. As prepetition debts of the Debtor in this no-asset Chapter 7 case, the debts were discharged when the debtor received her dis-

---

1. Such protection is needed because under § 523(c) and Bankruptcy Rule 4007(c) complaints to determine dischargeability of a debt of the kinds specified in § 523(a)(2), (4), (6) or (15) must be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

charge on August 5, 2002, unless the debt is one which is nondischargeable under any of the subparagraphs of § 523(a) other than § 523(a)(3)(A). The limited information presented regarding the five unlisted creditors suggests that their debts are not ones which are nondischargeable.[2] Therefore, it appears that the five debts have been discharged even though they were not scheduled by Debtor. In any event, reopening the case and scheduling the five debts at this time would have no effect on the status of the debts. Because reopening the case to amend the schedules would be a futile act which would not affect the rights or liabilities of any party in interest, the motion to reopen should be denied.

IT IS SO ORDERED

2. If there is a genuine dispute between the parties regarding the dischargeability of the debts under any of the subsections of § 523(a), other than § 523(a)(3)(A), there are several ways to litigate the matter. First, if the creditors pursue a lawsuit on the claim, Debtor can assert the bankruptcy discharge as an affirmative defense and the court with jurisdiction over that lawsuit can decide whether the debt falls within any of the exceptions to discharge. Second, under Bankruptcy Rule 4007(b) either Debtor or the creditors can move to reopen this case for the purpose of filing a complaint to determine dischargeability. Third, Debtor can bring an action in this court to enforce the discharge injunction contained in § 524(a) against any creditor who is attempting to collect discharged claims. "The virtue of any of these procedures, as opposed to a motion to reopen to amend schedules, is that it will focus on the real dispute (if there is a real dispute) between the parties-the dischargeability of the debt." *In re Mendiola*, 99 B.R. at 870.