**In re Danny Keith PRESLEY, Debtor.**

**No. 7–01–04930–WSB–7.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Jan. 15, 2003.

J. Thadieu Harris, III, Esq., Wise, VA, for Debtor.

Freddie E. Mullins, Esq., Clintwood, VA, for Creditor.

## MEMORANDUM OPINION

WILLIAM F. STONE, Jr., Bankruptcy Judge.

### INTRODUCTION AND FINDINGS OF FACT

The matter before the Court concerns a Virginia state court judgment obtained by Dallas Amos against the Debtor after the latter had obtained a discharge in bankruptcy in this Court. The basis for this judgment was an unsolicited loan which Mr. Amos had made to Danny Keith Presley, his former stepson, to enable him to purchase a motor vehicle a couple of months prior to his bankruptcy filing. Although Mr. Presley sought to list the debt in his bankruptcy schedules, even though in an incorrect amount ($4,500 rather than $4,000), he listed his mother as the creditor rather than Mr. Amos. Despite the fact that Mr. Amos and the Debtor's mother were divorced at the time of the loan, they had resumed living together at that time and continued to do so after the bankruptcy petition under Chapter 7 was filed. While the Debtor was unable to explain to the Court to its complete satisfaction why he named his mother rather than Mr. Amos as his creditor despite the fact that he knew Mr. Amos had borrowed the funds needed to provide the money to him, Mr. Amos acknowledges to this Court that Presley's mother told him that she had received a paper about her son taking bankruptcy. He denies having seen the paper himself, but this Court finds, from the testimony of Mr. Amos, that he knew of the bankruptcy case shortly after it was filed and in ample time that he could have investigated and filed a complaint objecting to the discharge of Presley's obligation to him. It appears that he concluded that because he had not received any personal notice of Presley's bankruptcy, the latter had not included him in the bankruptcy and that the debt remained outstanding.

After the bankruptcy case was over, Mr. Amos, at the cost of a $30 fee, obtained the issuance of a civil warrant against Presley in the General District Court of Dickenson County, Virginia for the pre-bankruptcy obligation. Although Mr. Presley did defend against the warrant and even retained counsel, the defense of bankruptcy was not raised. That Court resolved the issues which were raised against Mr. Presley and awarded Mr. Amos a judgment, which was not appealed and became final. It was not until Mr. Amos obtained the issuance of a garnishment against Presley's wages that the latter went back to his bankruptcy counsel to seek relief in this Court. Counsel filed a motion to reopen the bankruptcy case in which he represented that the Debtor "through oversight" had failed to list the debt owed to Mr. Amos in his petition. Together with his motion he filed an amendment to his schedules adding Mr. Amos as a creditor in the amount of $4,500. This Court, as the undersigned judge routinely does in such situations, summarily granted the motion to reopen so that the amendment could be filed. Thereafter counsel for Mr. Amos filed an Objection to the motion to reopen on the grounds that he had incurred costs to obtain the judgment and issuance of a garnishment against Mr. Presley and that the latter had intentionally omitted him as a creditor in his original petition and had made voluntary payments to him on the debt even after filing bankruptcy. This Objection was filed within ten days of entry of the Court's order granting the motion to reopen and the Court has treated such objection as a motion to rescind the Court's order pursuant to Bankruptcy Rule 9024 (F.R.C.P.60).

Counsel for Mr. Presley then responded in this Court with a motion to quash the writ of garnishment issued by the Dickenson County General District Court. All of these matters were heard before the Court at a hearing held on January 7, 2003 at which both Mr. Amos and Mr. Presley testified. In addition their counsel submitted oral arguments and counsel for Mr. Amos tendered case authorities. The Court took the matter under advisement and offered Debtor's counsel also the opportunity to submit case authorities, which he has done. The matters are ripe for decision.

The Court finds by the greater weight of the evidence that the Debtor did not intentionally fail to list the debt in his original bankruptcy schedules. If that had been his intent, there would have been no reason to list the debt, albeit in an incorrect amount, with his mother as the creditor. The description contained in the original schedules makes it clear to the Court that the debt being listed was the loan which Mr. Amos had provided. Mr. Presley testified at the hearing that he didn't think it made any difference because his mother and Mr. Amos were living together at the time and he believed that she would make Amos aware of the bankruptcy filing. This belief proved well founded because Amos admits that she did tell him about the bankruptcy case, even if Mr. Amos did not actually see the tangible bankruptcy notice. While Mr. Amos asserts that Presley had made payments upon the debt to him after the case had been filed, Mr. Presley flatly denied that he had ever made any payment at all upon the debt, and Mr. Amos, although given the chance to offer rebuttal evidence, did not do so. Therefore, the Court resolves this factual issue in favor of the Debtor.

There being no claim to the contrary, the Court finds that the defense of bankruptcy discharge was not raised before, or considered by, the General District Court of Dickenson County in deciding to grant judgment in favor of Mr. Amos against the Debtor upon the pre-petition debt. The Court has further determined after a review of the bankruptcy file that the Debtor's Chapter 7 case was noticed to creditors as a "no asset" bankruptcy; therefore, no proofs of claim were due to be filed. Finally, although Mr. Amos in his testimony before this Court made a brief reference to some promise made by Presley at the time the vehicle was purchased, which, although not clear, the Court took to mean placing a lien on the vehicle title, neither he nor his counsel has made any express claim in this Court that the debt was subject to a valid objection to its discharge. Even if such a contention had been made, the Court finds that Mr. Amos had actual knowledge of the fact that Presley had filed a bankruptcy case in ample time to have filed a timely adversary proceeding objecting to the dischargeability of such debt if such had been warranted.

## CONCLUSIONS OF LAW

■ This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. The matters before the Court are "core proceedings" by reason of 28 U.S.C. § 157(b)(2)(I) and (O).

■ While both parties have placed considerable importance on the issue of whether the case ought to be reopened at all to allow the Debtor to amend his schedules, such reopening does not affect whether Mr. Presley's debt to Mr. Amos has been discharged. It is true that a Debtor's failure to list a debt can result in that debt being excepted from the Debtor's general discharge, but, in the absence of bad faith or other exceptional circum-

stances, this principle is applicable only in two situations: 1) where the creditor is prevented from filing a timely proof of claim, "unless the creditor had notice or actual knowledge of the case in time" for a timely filing, and 2) where the debt in question is subject to an objection to discharge pursuant to 11 U.S.C. § 523(a)(2), (4), or (6), "unless such creditor had notice or actual knowledge of the case in time" to file a timely objection. 11 U.S.C. § 523(a)(3)(A) and (B). Accordingly, many bankruptcy courts have declined to grant motions to reopen cases to add creditors on the ground that it is pointless because it does not change whether the omitted debt was discharged. *Judd v. Wolfe,* 78 F.3d 110 (3rd Cir.1996); *In re Serge,* 285 B.R. 632 (Bankr.M.D.N.C.2002); *In re Carberry,* 186 B.R. 401 (Bankr.E.D.Va.1995). Neither of the two situations noted is applicable to this case because 1) no deadline was ever set to file a timely proof of claim because the case was originally noticed as a "no asset" case for which no proof of claim should be filed and this status never changed, and 2) there has been no assertion that Presley's debt to Amos was subject to a valid objection to dischargeability under section 523(a)(2), (4), or (6) of the Bankruptcy Code. 3 Collier on Bankruptcy § 350.03[2] at pp. 350–7 thru –9 (15th ed. Rev.). The Court concludes, therefore, that Mr. Presley's debt to Mr. Amos was included in the discharge which he obtained in this case on February 27, 2002.

The more difficult issue is whether the judgment rendered by the General District Court of Dickenson County overrides the discharge order. Only very reluctantly would this Court declare a post-discharge judgment of a court of competent jurisdiction of the Commonwealth of Virginia invalid, especially when the Debtor could have raised his bankruptcy defense before that Court but failed to do so. In a decision under the former Bankruptcy Act, the United States Court of Appeals for the Fourth Circuit ruled that a bankruptcy discharge was a defense which could be waived, and upheld the validity of a post-discharge state court judgment upon a debt which had been discharged in the bankruptcy. *Helms v. Holmes,* 129 F.2d 263 (4th Cir.1942). One of the factors noted by the Court in that opinion was that the creditor is not "guilty of contempt of the bankruptcy court in suing on the old debt in the state court, even though he has notice of the debtor's discharge." 129 F.2d at 266. If the case now before this Court were governed by the old Bankruptcy Act,[1] it is clear that Mr. Amos would be entitled to enforce his judgment against the Debtor. *See* 2C Michie's Jurisprudence 599–600, Bankruptcy § 110 (2001)(analysis relying upon cases decided under the Bankruptcy Act). However, some critical changes were made in the law which governs this case. Section 524(a)(1) of the Bankruptcy Code explicitly provides that a Chapter 7 bankruptcy discharge "*voids any judgment at any time obtained,* to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 ... of this

---

**1.** It would be more accurate to refer to the Bankruptcy Act prior to the 1970 Amendment which added subsection (f) to section 14 of the Act. Subsection (f) declared that any "judgment theretofore or thereafter obtained in any other court is null and void as a determination of the personal liability of the bankrupt with respect to" dischargeable debts and enjoined creditors from "employing any

process to collect such debts as personal liabilities of the bankrupt." 11 U.S.C. § 14(f)(1970). *See* 1A Collier on Bankruptcy § 14.01[4.6] at pp. 1258–59, and § 17.27 at p. 1719, fn. 3 (14th ed.1978). The substance of section 14(f) of the Bankruptcy Act was carried over to section 524(a)(1) and (2) of the Bankruptcy Code.

title, whether or not such discharge is waived". (emphasis added). Collier on Bankruptcy, the preeminent bankruptcy treatise, observes that "[s]ection 524(a)(1) clearly pertains to judgments obtained both before and after the discharge order". 4 Collier on Bankruptcy § 524.02[1] at p. 524–13 (15th ed. Rev.). Furthermore, section 524(a)(2) of the Code states that a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived". Collier's treatise goes on in more detail as follows:

> Section 524(a) is meant to operate automatically, with no need for the debtor to assert the discharge to render the judgment void. A bankruptcy court can find that a postpetition state court judgment is void despite the full faith and credit normally given to state court judgments.

4 Collier on Bankruptcy, *supra*, § 524.02[1] at p. 524–13.

While the Court has reviewed the authorities offered by counsel for Mr. Amos, they are not applicable to the facts of the present matter. The most similar one, *In re Godley*, 62 B.R. 258 (Bankr.E.D.Va. 1986), dealt with a debtor's intentional omission of a creditor where the debtor tried to conceal the bankruptcy from the creditor. Upon this finding the Court refused to allow the Debtor's case to be reopened for the purpose of amending the schedules. In contrast, this Court has found that Mr. Presley did list the debt, that he listed his mother as the creditor with the belief that she would tell Mr. Amos about it, and that Mr. Amos had actual knowledge of the bankruptcy case. The other opinions, *Hawkins v. Landmark Finance Company (In re Hawkins)*, 727 F.2d 324 (4th Cir.1984) and *In re Chen*,

231 B.R. 901 (Bankr.E.D.Va.1999), deal with motions to reopen bankruptcy cases for the purpose of avoiding liens which the debtor neglected to proceed against originally. In contrast to the personal liability of the debtor upon a debt, which is voided in bankruptcy, a bankruptcy discharge does not affect the enforceability of liens encumbering the Debtor's property. Such liens survive bankruptcy unless action is taken in the bankruptcy case to avoid them. Accordingly, considerations of prejudice to creditors who have proceeded after bankruptcy to enforce their liens are entitled to weight in a bankruptcy court's exercise of its discretion when requested to reopen a bankruptcy case for the purpose of avoiding such liens. The Court concludes, therefore, that the subsequent changes in bankruptcy law previously noted in this opinion were intended to overrule such decisions as that of the Fourth Circuit Court in *Helms v. Holmes, supra,* and this Court is bound to declare that the Dickenson County General District Court judgment is void and that the motion to quash the pending garnishment action should be granted. In doing so the Court notes that a different case would be presented if the issue of bankruptcy discharge had been raised in that Court and been ruled upon by that Court in the proper exercise of its jurisdiction. Under the facts of the case before this Court, the Dickenson County General District Court never ruled upon the effect of the bankruptcy discharge.

While the Court has some sympathy with the fact that Mr. Amos has incurred expense on the strength of his belief that the debt to him had not been included in the bankruptcy case, as a legal matter he is held to a standard of knowing the law that the bankruptcy case of which he had actual knowledge discharged all of Presley's dischargeable debts. As a result, in law he has only himself to blame for trying

to collect on a debt which had been discharged. By doing so he violated the discharge injunction, even though he may not have understood that at the time, and his expenses in so doing cannot bootstrap into viability a judgment which the Bankruptcy Code declares to be "void".

## CONCLUSION

For the reasons noted above, this Court will enter an order denying the Objection of Mr. Amos to the reopening of the case and granting the Debtor's Motion to Quash the garnishment writ issued by the General District Court of Dickenson County, Virginia.

The Clerk is requested to send copies of this memorandum opinion to the Debtor, his counsel, counsel for Mr. Amos, the Clerk of the General District Court of Dickenson County, Virginia, and the Office of the United States Trustee.