**In re Patricia A. HOUSTON, Debtor.**

**No. 02–32406–WRS.**

United States Bankruptcy Court,
M.D. Alabama.

May 27, 2004.

Cathy B. Donohoe, Donohoe & Stapleton, L.L.C., Montgomery, AL, for Debtor.

Tom McGregor, Montgomery, AL, trustee.

### MEMORANDUM DECISION

WILLIAM R. SAWYER, Bankruptcy Judge.

This Chapter 7 case came before the Court for hearing on March 30, 2004, upon the Debtor's motion to reopen. (Doc. 10).

The Debtor was present by counsel Cathy B. Donohoe. The Debtor seeks to reopen her case in order to amend her schedules to list three additional creditors who had been omitted inadvertently. Because the proposed amendment would have no effect, the Court finds that there is no cause to reopen this case and for that reason, denies the motion.

The Debtor filed a petition in bankruptcy pursuant to Chapter 7 on August 9, 2002. A set of schedules and statements were filed with the petition. (Doc. 1). A meeting of creditors was held on August 20, 2002. On September 23, 2002, the Trustee filed a report of no distribution. (Doc. 5). This means that there was no distribution made to creditors in this case. On February 13, 2003, the Court issued the Debtor a general discharge, pursuant to 11 U.S.C. § 727. (Doc. 7). The Court's file was closed, for administrative purposes, on February 14, 2003. (Doc. 9). On January 9, 2004, the Debtor moved to reopen her case, seeking to amend her schedules to list three creditors who had been omitted in advertently from the original schedules. (Doc. 10). The motion was heard on March 30, 2004. No objections were filed and only Debtor's counsel appeared at the hearing.

The Court may reopen a closed case to grant relief or for other cause. 11 U.S.C. § 350(b). The Debtor's motion is premised upon a misconception, which should be corrected. Many practitioners believe, incorrectly, that the failure to list a creditor in the schedules prevents the debt owed to that creditor from being discharged. By amending the schedules, these practitioners believe that they are causing the debt to be discharged. Examination of the Bankruptcy Code will show why this is not the case.

When one files a petition in bankruptcy, the Bankruptcy Code and the Bankruptcy Rules require the filing of a battery of forms, disclosing all of the debtor's assets, liabilities, income, expenses, and other information. 11 U.S.C. § 521; FED. R. BANKR.P. 1007. The willful failure to file truthful schedules and statements may result in any number of adverse consequences to the debtor and her lawyer. *See e.g.,* 11 U.S.C. § 727(a)(4) (denial of discharge); 11 U.S.C. § 707(a)(3) (dismissal of case); 18 U.S.C. § 152 (fraudulent concealment of assets is a felony). A debtor may amend her schedules, as a matter of right, at any time before the case is closed. FED. R. BANKR.P. 1009(a).

The source of many practitioner's confusion is found in Section 523(a)(3), which provides in part as follows:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

\* \* \*

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge

of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3).

As the case at bar was a "no asset" case, meaning that no distribution was made to creditors, a claims bar date was not set. The Notice of Commencement of Case, which was sent to all creditors who were scheduled by the Debtor in this case advised that it did not appear that there would be a distribution and that creditors should not file claims. (Doc. 4). Therefore, the failure to list the three creditors in question did not prejudice their right to file a claim in this case. The failure to schedule these three creditors did not affect the debtor's discharge and did not result in these debts being excepted from the coverage of the general discharge. As the proposed amendment to the Debtor's schedules in this case would have no effect, the Court finds that there is no good cause to reopen this case.

A number of Courts have examined this question, and the majority have held that motions to reopen to schedule previously undisclosed debts should be denied. *See e.g., Zirnhelt v. Madaj (In re Madaj),* 149 F.3d 467, 468–69 (6th Cir.1998); *Judd v. Wolfe (In re Wolfe),* 78 F.3d 110, 114–15 (3rd Cir.1996) (dischargeability in no asset case unaffected); *Beezley v. California Land Title Co. (In re Beezley),* 994 F.2d 1433, 1434 (9th Cir.1993); *In re Alexander,* 300 B.R. 650, 656–57 (Bankr.E.D.Va.2003); *In re Hunter,* 283 B.R. 353, 356–57 (Bankr. M.D.Fla.2002); *In re Keenom,* 231 B.R. 116, 119–20 (Bankr.M.D.Ga.1999); and *In re James,* 184 B.R. 147, 149–50 (Bankr. N.D.Ala.1995). As the proposed amendment of the Debtor's schedules in case would serve no purpose, the Court will deny the Debtor's motion.

### *Order Denying Motion to Reopen*

For the reasons set forth in the Court's Memorandum Decision of this date, it is

ORDERED that the Debtor's Motion to Reopen Chapter 7 case (Doc. 10) is DENIED.