**In re Fernando DELFINO, Debtor.**

**No. 98–29098–BKC–JKO.**

United States Bankruptcy Court,
S.D. Florida,
Fort Lauderdale Division.

Sept. 28, 2006.

Jose M. Francisco, Esq., Miami, FL, Laila S. Gonzalez, Esq., Hialeah, FL, for Debtor.

***ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO REOPEN FOR THE PURPOSE OF AMENDING/ADDING CREDITOR, DENYING PENDING MOTIONS, AND DIRECTING CLOSING OF CASE***

**THIS CASE** came on for hearing on September 25, 2006 on Debtor's Motion for Reconsideration [CP 36] of this Court's Order [CP 34] entered September 7, 2006, denying the Debtor's Motion to Reopen for the Purpose of Amending/Adding Creditors [CP 7]. The Court also has before it the Debtor's Motion to Enforce Discharge or in the Alternative Motion for Order to Show Cause as to Why Creditor Should Not Be Held in Contempt (the "Motion to Enforce, etc.") [CP 29].

### Factual findings

This voluntary chapter 7 case was commenced by the Debtor on December 18, 1998. The Debtor was represented by Jose M. Francisco, Esquire, of Miami. The case proceeded normally; the Debtor's discharge was entered April 15, 1999, and the case was closed April 16, 1999.

Seven years later, the Debtor moved to reopen the case to add an omitted creditor, Maria Perez Vera, as successor to her deceased father, Francisco Perez Vera. Ms. Perez Vera opposed the reopening of the case on the grounds of laches. The parties briefed the issue. The Court conducted an evidentiary hearing on August 9, 2006, and, as noted above, denied the Motion to Reopen by Order entered September 7, 2006 [CP 34]. The Debtor timely moved for reconsideration.

Perez Vera was not scheduled as a creditor by the Debtor in his bankruptcy schedules as a result of an apparent oversight. Perez Vera was listed on the Debtor's matrix of creditors, but at an incorrect and non-existent address. Although the Debtor testified that he had told Perez Vera of the bankruptcy filing, the Court finds that the Debtor's testimony on this point was not credible. The Court finds that Perez Vera did not receive notice of the case. The evidence establishes that the Debtor borrowed some $160,000 from Florida International Bank in what ultimately proved to be an unsuccessful attempt to keep his business afloat. As an accommodation to his friend the Debtor, whose credit was insufficient to support the loan, Perez Vera pledged certificates of deposit at the bank as collateral for the loan. The Debtor defaulted on the loan, and in November 1999—more than six months after the Debtor received his bankruptcy discharge—the bank redeemed Perez Vera's CDs and paid off the Debtor's loan.

The Debtor agreed to repay Perez Vera, and over time paid some $30,000 to Perez Vera, with the largest amount of those payments made in 2003. The balance due as of the last payment made by the Debtor was some $129,000. Perez Vera assigned his claim to his daughter and has subsequently died.

Ms. Perez Vera brought suit on this debt in Miami–Dade Circuit Court on July 16, 2004. She was represented in the state court action by Timothy H. Crutchfield, Esquire, who also represented her in the litigation before me. The Debtor was represented in the state court action by Jose M. Francisco, his bankruptcy lawyer. The litigation languished in state court as the parties engaged in out-of-court arguments about what had happened in the bankruptcy and the effect of the bankruptcy on the unscheduled debt to Perez Vera. Based upon the evidence presented, I find that Mr. Francisco engaged in the kind of obnoxious behavior that has come to give lawyers a bad name. For example, Mr. Francisco refused to provide a fax number to Mr. Crutchfield but instead required Mr. Crutchfield to telephone his secretary and read to her the terms of proposed orders. Mr. Francisco himself refused to speak with Mr. Crutchfield on the telephone. Mr. Francisco refused even the most normal of professional courtesies: Advised (through his secretary) that Mr. Crutchfield was scheduled to be in Greece on vacation when a hearing was scheduled in state court, Mr. Francisco refused to consent to a continuance. Ultimately, Mr. Crutchfield attended the hearing by telephone conference from Greece.

After observing Mr. Francisco's behavior, candor and demeanor on the witness stand and at counsel table, I can only characterize his professional conduct as abhorrent, gratuitously nasty, and thoroughly unprofessional. He is, in short, a lawyer for whom professionalism is an alien concept. Mr. Francisco testified that although he was the Debtor's lawyer in the 1998 bankruptcy case "he no longer did bankruptcy."[1] I also concluded from my observation of the Debtor's candor and demeanor during his testimony, his demeanor during Mr. Francisco's testimony, and his demeanor during other portions of the evidentiary hearing that he thoroughly approved of his lawyer's aggressive tactics.

After the state court litigation had been pending for some twenty months, Mr. Francisco in March 2006 filed a Suggestion of Bankruptcy and a motion to dismiss the state court action on the grounds that the debt now held by Ms. Perez Vera had been discharged. After a hearing in state court in which the sole issue was the effect of the bankruptcy discharge on the enforceability of the debt, Circuit Judge Kevin Emas denied the motion to dismiss by Order entered April 4, 2006.

Some two weeks later, on April 20, 2006—over seven years after the case was closed, and some twenty-two months after the state court action was commenced— the Debtor moved to reopen this case and is represented here by Laila S. Gonzalez, Esquire. It is clear that the Motion to Reopen was triggered by the state court's denial of the motion to dismiss. The entry of the order denying the motion to dismiss suggests that Judge Emas was of the view that the debt had *not* been discharged by the Debtor's 1998 bankruptcy filing.[2]

1. In light of the fact that the successful practice of bankruptcy law requires collegiality and cooperation, this decision was apt.

2. This Court does not need to know what conclusions if any Judge Emas had reached in order to determine the pending motion for reconsideration or the underlying motion to reopen the case.

Ms. Perez Vera would be prejudiced by the reopening of this case, more than seven years after it was filed. Prejudice includes, in particular, the costs and fees she has incurred in attempting collection efforts in state court, an amount in excess of $20,000.

The Debtor certainly knew of his contingent indebtedness to Perez Vera at the time of his bankruptcy filing. Most significantly, even assuming that the Debtor intended to list Perez Vera as a creditor, he should have sought to reopen the case as soon as Ms. Perez Vera brought the state court action in July 2004, not after almost two years had passed, Ms. Perez Vera had incurred substantial attorneys' fees, and after the state court had rendered an adverse decision.

### Discussion

■ The decision to reopen a case under 11 U.S.C. § 350 to add an omitted creditor or to seek to avoid a lien is a discretionary equitable remedy. *In re Bianucci*, 4 F.3d 526 (7th Cir.1993). Laches is a valid and recognized defense to any motion to reopen a closed case. *In re Hunter*, 283 B.R. 353 (Bankr.M.D.Fla. 2002). In determining whether laches should apply in this context, courts have generally looked at two factors: whether the Debtor was diligent in seeking to reopen the case, and whether there has been prejudice to the creditor. *In re Paul*, 194 B.R. 381, 384 (Bankr.D.S.C.1995).

■ Where, as here, the Debtor's lack of diligence in seeking to reopen the case to add an omitted creditor has resulted in that creditor incurring substantial attorneys' fees and costs in collection efforts which could have been avoided by a prompt motion to reopen, laches applies to bar reopening of the case. *Bianucci, supra; Hawkins v. Landmark Finance Company*, 727 F.2d 324, 327 (4th Cir.1984); *In re de la Rosa*, 19 Fla. L. Weekly Fed.

390, Case No. 00–18210–BKC–RAM, 2006 WL 2871854 (Bankr.S.D.Fla.2006).

■ There is a further reason why laches should apply in this case. As noted above, the relief sought through a motion to reopen a closed bankruptcy case under § 350 is equitable in nature. I am satisfied that the behavior of the Debtor in the state court litigation was motivated by Mr. Francisco's own self-interest. Mr. Francisco no longer practices in the bankruptcy courts. I conclude from that fact and from his conduct in the state court litigation that Mr. Francisco undertook to keep the case in state court so as to maximize his own fees rather than handing off the file to a current bankruptcy practitioner like Ms. Gonzalez. In this, Mr. Francisco was probably acting contrary to the best interests of his client, who would have been better served by a prompt motion to reopen this case as soon as Ms. Perez Vera commenced collection efforts. As noted above, it is clear to me that the Debtor approved of Mr. Francisco's tactics, whether he fully understood their implications or not, and clients are in any event accountable for the acts and omissions of their attorneys. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 396, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Mr. Francisco's improper motive in seeking to retain the litigation in state court led to additional inequitable conduct toward Ms. Perez Vera, attributable to his client, which is evidence of unclean hands. Those unclean hands preclude the Debtor from obtaining the equitable remedy of the reopening of this case.

■ The rule that one who comes into equity must come with clean hands "expresses rather a principle of inaction than one of action. It means that equity will refuse its aid in any manner to one seeking

its active interposition if he has been guilty either of illegal or inequitable conduct respecting the subject-matter of the litigation." *Carmen v. Fox Film Corporation,* 269 F. 928, 932 (2d Cir.1920), *cert. denied,* 255 U.S. 569, 41 S.Ct. 323, 65 L.Ed. 790 (1921) [Internal citations omitted.] The principle is stated in *Pomeroy's Equity Jurisprudence* (3d Ed.), Vol. 1, § 398, as follows:

> Whatever may be the strictly accurate theory concerning the nature of equitable interference, the principle was established from the earliest days that, while the court in chancery could interpose and compel a defendant to comply with the dictates of conscience and good faith with regard to matters outside of the strict rules of the law, or even in contradiction to those rules, while it could act upon the conscience of a defendant and force him to do right and justice, it would never thus interfere on behalf of a plaintiff whose own conduct in connection with the same matter or transaction had been unconscionable or unjust, or marked by a want of good faith, or had violated any of the principles of equity and righteous dealing which it is the purpose of the jurisdiction to sustain. While a court of equity endeavors to promote and enforce justice, good faith, uprightness, fairness, and conscientiousness on the part of the parties who occupy a defensive position in judicial controversies, it no less stringently demands the same from the litigant parties who come before it as plaintiffs or actors in such controversies.

The Debtor's protracted conduct of the state court litigation, while keeping the trump card of a motion to reopen the case under § 350 tucked away in the Debtor's back pocket for later use in the event the state court litigation failed, was marked by a want of good faith. A court of equity requires one in the Debtor's position to come to court having acted in good faith and fairness. He did not so act, but instead acted in a manner deliberately to the contrary. The Debtor's own conduct accordingly precludes me from granting the equitable remedy he seeks.

Other than addressing the standards for reconsideration of prior orders, the Debtor's Motion for Reconsideration raises no new issues not previously raised or available to the Debtor at the evidentiary hearing on August 9, 2006. It is accordingly without merit and will be denied.

Finally, in light of the disposition of the Motion to Reopen Case [CP 7] and the Motion for Reconsideration [CP 36], the Debtor's Motion to Enforce, etc. [CP 29] which seeks sanctions against Ms. Perez Vera for proceeding in the state court litigation is moot and will be denied.

Accordingly, it is ORDERED:

1. The Motion for Reconsideration [CP 36] is DENIED.

2. The Motion to Enforce [CP 29] is DENIED.

3. The Clerk is directed to close this case.