S. Martin Teel, Jr., United States Bankruptcy Judge
The clerk closed this case on September 29, 2015, without the debtor receiving a discharge. On July 18, 2018, nearly two years and ten months after the closing of the case, the debtor filed a motion requesting the court to reopen this case and grant him a discharge.
I
Pursuant to 11 U.S.C. § 727(a)(11), in order to obtain a discharge, the debtor was required "to complete an instructional course concerning personal financial management described in section 111[.]" Under Fed. R. Bankr. P. 1007(b)(7)(A), the debtor was required to file "a statement of completion of the course, prepared as prescribed by the appropriate Official Form" unless the provider of the course filed a certificate of completion of the course. No provider filed such a certificate in this case, and thus the debtor was required to file a Rule 1007(b)(7)(A) statement if the debtor was to obtain a discharge.
The deadline under Fed. R. Bankr. P. 1007(c) to file the required statement was September 8, 2015. On June 8, 2015, the clerk issued a notice of that deadline to the debtor and the debtor's attorney. However, the debtor failed to file the required statement by the deadline of September 8, 2015.
*167 Under Fed. R. Bankr. P. 4004(c)(1)(H), the clerk could not grant the debtor a discharge before closing the case without the debtor first filing the required Rule 1007(b)(7) statement. Therefore, on September 9, 2015, the clerk issued a Notice That Case May be Closed Without Discharge , a form of notice approved by the court for use, alerting the debtor and the debtor's attorney that the original deadline had passed without the required statement being filed. The Notice stated, in part:
Accordingly, notice is hereby given that the court will close this case without the entry of the discharge unless the Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 23) (or notification by an approved provider of completion of the required course) is filed within fourteen (14) days of the entry of this notice.
Dkt. No. 15 (emphasis in original).[1] The debtor failed to file the required statement by the new deadline of September 23, 2015, set by the Notice and failed to respond in any other manner. By the expiration of that deadline, the case was ready to close as no one had timely filed an objection under Fed. R. Bankr. P. 5009(a) to the trustee's final report certifying that the estate had been fully administered. In due course, on September 29, 2015, the clerk examined the case and entered an Order Closing Case Without Discharge .[2] Pursuant to Fed. R. Bankr. P. 4006, notice was given to all parties in interest that the case had been closed without a discharge being entered.[3] In the Order Closing Case Without Entry of Discharge that was transmitted to the debtor, the debtor was notified that if he desired a discharge he would need to file a motion to reopen the case, pay the full filing fee for reopening the case, and file the required certificate of completion of a financial management course.
After the closing of the case, two years elapsed before the debtor completed the required course. On July 18, 2018, eight months after completion of the course on November 14, 2017, and two years and *168 nine months after the case was closed on September 29, 2015, the debtor filed the motion to reopen the case. The debtor's motion recites:
On November 14, 2017, debtor completed the required education course and was told that the company would notify Counsel. Accordingly, debtor assumed that he was not required to do anything further. Unfortunately counsel received no notification that debtor completed the course. Moreover, upon debtor learning what happened, and even after the case was closed, he was once again incorrectly told that the certificate was available on the provider's website. After realizing that this was not the case, debtor obtained another copy of the certificate and forwarded it to counsel for filing with the Court.
The motion requests that the case be reopened so that the debtor can file a certificate evidencing that he completed the required course and "in turn receive a discharge."
The motion does not include a Rule 1007(b)(7)(A) statement utilizing the required form, Official Form B 423 (previously Official Form B 23). Instead, it only includes a certificate issued by BE Adviser, LLC, reciting that the debtor "completed a course on personal financial management given by internet by BE Adviser, LLC, a provider approved pursuant to 11 U.S.C. § 111 to provide an instructional course concerning personal financial management in the District of Maryland" on November 14, 2017.[4] Without the debtor filing a Rule 1007(b)(7)(A) statement using Official Form B 423 (or the provider of the course filing a certificate of completion of the course), Fed. R. Bankr. P. 1007(b)(7) and 4004(c)(1)(H) bar the clerk from granting the debtor a discharge.
II
Under 11 U.S.C. § 350(b), the court may reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause." In filing his motion to reopen, the debtor seeks to obtain a discharge. Thus, the motion is one to reopen the case "to accord relief to the debtor" within the meaning of § 350(b). See In re Knight , 349 B.R. 681, 685 (Bankr. D. Idaho 2006). However, the court's decision to grant a motion to reopen is discretionary. Hawkins v. Landmark Finance Co. (In re Hawkins) , 727 F.2d 324 (4th Cir. 1984) (finding that the bankruptcy court had not abused its discretion in denying the debtor's motion to reopen a case to allow the debtor to pursue a motion to avoid a lien where, even though no statutes or rules established a deadline for the pursuit of such a motion, the lienor had incurred expenses in instituting foreclosure proceedings and therefore would be prejudiced by the reopening of the case). For example, a motion to reopen a case can be denied if the defense of laches applies[5] or *169 if for any other reason cause does not exist to grant an enlargement of time to file a Rule 1007(b)(7)(A) statement.
III
The court cannot grant the debtor's motion to reopen his case due to several deficiencies, addressed below. The debtor will be allowed 21 days to amend his motion to reopen in an attempt to cure its deficiencies. If the debtor does not amend the motion within 21 days, I will deny the motion to reopen in light of the uncured deficiencies. If the debtor amends his motion to correct these deficiencies, I will consider the merits of the motion.
A. Failure to File a Statement of Completion of the Required Course Utilizing Official Form B 423
Because no provider filed a certificate of completion of the required course, Fed. R. Bankr. P. 1007(b)(7)(A) required the debtor to file "a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]" The debtor's motion to reopen does not include a statement utilizing the required form, Official Form B 423. However, this defect readily could be cured by the debtor's filing one as a supplement to his motion to reopen.
B. Failure to File a Motion to Extend the of the Deadline to File an Official Form B 423
To obtain a discharge after a case has been closed, the debtor necessarily must obtain an extension of the Rule 1007(c) deadline for filing Official Form B 423 (formerly Form B 23) as required by Rule 1007(b)(7)(A). See In re Dingman , No. 07-10829, 2008 WL 755279, at *2 (Bankr. D. Vt. Mar. 19, 2008) ; In re Hassett , 341 B.R. 832, 833 n.1 (Bankr. E.D. Va. 2006). The debtor's motion to reopen fails to request leave to file a Rule 1007(b)(7)(A) statement after expiration of the applicable deadline.
The content of the debtor's motion to reopen suggests that the debtor failed to appreciate that at this juncture, more than two years after the closing of his case, if the debtor seeks to obtain a discharge, he must show cause why the court ought to enlarge the deadline for the debtor to file a Rule 1007(b)(7)(A) statement. The debtor's motion failed to include an express request to enlarge the time to file a Rule 1007(b)(7)(A) statement and failed to in any way address the issue of cause for allowing the untimely filing of the Rule 1007(B)(7)(A) statement.
Although I could deny the motion to reopen based on the debtor's failure to expressly request an enlargement of the time to file a Rule 1007(b)(7)(A) statement, see In re Dingman , 2008 WL 755279, at *2, the debtor has already paid the fee for filing a motion to reopen and the debtor would incur another fee if the debtor were to file a new motion to reopen that includes such a request. Therefore, I will allow the debtor 21 days to supplement his motion to reopen by filing with it a motion to enlarge the time to file a Rule 1007(b)(7)(A) statement, addressing the issue of cause for the court to grant that motion.
1. Generally No Motion is Required Before the Court Grants an Extension of the Deadline for Filing a Rule 1007(b)(7)(A) Statement but a Motion is Necessary in Cases of Extreme Delay.
Rule 1007(c) provides in relevant part:
In a chapter 7 case, the debtor shall file the statement required by subdivision *170 (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code .... The court may, at any time and in its discretion, enlarge the time to file the statement required by subdivision (b)(7).... Except as provided in § 1116(3), any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct. Notice of an extension shall be given to the United States trustee and to any committee, trustee, or other party as the court may direct.
Rule 1007(c) thus provides both that the court "may, at any time and in its discretion, enlarge the time to file the statement required by subdivision (b)(7)" and that, with an exception of no relevance, "any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." (Emphasis added). A Rule 1007(b)(7)(A) statement is one of the "other documents required under [ Rule 1007 ]."
The rule's authorization for the court "at any time and in its discretion" to grant an extension to file a Rule 1007(b)(7) statement in particular is an exception to the general requirement of a motion showing cause for an extension to file other documents. This is made evident by the 2008 Advisory Committee Note to Rule 1007 :
The amendment allows the court to enlarge the deadline for the debtor to file the statement of completion. Because no party is harmed by the enlargement, no specific restriction is placed on the court's discretion to enlarge the deadline, even after its expiration.
The observation in the Advisory Committee Note "that no party is harmed by the enlargement" of time to file a Rule 1007(b)(7)(A) statement obviously addresses the extension of that deadline in an open case, not the extension of that deadline incident to a motion to reopen a case that was closed long ago. Parties can be harmed by the enlargement of time to file the Rule 1007(b)(7)(A) statement if the enlargement is granted after a long time has passed since the closing of the bankruptcy case without the filing of the statement and, therefore, without entry of a discharge.
While a case is open and no discharge has been entered, the automatic stay of 11 U.S.C. § 362(a) generally remains in place to protect a debtor against collection of prepetition debts.[6] Creditors holding claims against the debtor thus usually are not free to pursue collection and are not harmed by an extension of the deadline for the debtor to file a Rule 1007(b)(7)(A) statement. In contrast, when a case has been closed without entry of a discharge and the automatic stay thereby has been terminated, creditors who thereafter pursue collection of debts against the debtor and incur expenses in doing so could be harmed by the court, on the debtor's motion, reopening the case years later to allow the debtor to obtain a discharge:
*171 despite the creditors' efforts and expenses incurred, the creditors will be barred from collecting their debts by the newly granted discharge.
For these reasons, after a case is closed, and especially where the case has been closed for an extended period of time, if a debtor wishes to reopen his or her case for the purposes of filing a Rule 1007(b)(7)(A) statement in order to receive a discharge, this court, in the exercise of its discretion, requires the debtor to file a motion to reopen that includes a motion to enlarge the deadline for filing a Rule 1007(b)(7)(A) statement that demonstrates grounds for the court to do so. In the case of a motion to reopen filed more than two years after a case was closed, the court would abuse its discretion if the court were not to require the filing of a motion showing cause for an extension of time for the debtor to take the action he or she intends to pursue by way of the motion to reopen. In this case, while the court can grant an enlargement of time to file a Rule 1007(b)(7)(A) statement at any time in its discretion under Rule 1007(c) without requiring the debtor to file a motion to enlarge time, in light of the debtor's extremely long delay in seeking to reopen the case in order to file a Rule 1007(b)(7)(A) statement and receive a discharge, it would be an abuse of the court's discretion to grant the debtor's motion without requiring the debtor to file of a motion showing cause for granting an extension of time to file the Rule 1007(b)(7)(A) statement.[7]
In some cases, when a party files a motion to reopen it is inappropriate to simultaneously pursue the matter that the movant seeks to pursue in the reopened case. For example, this is the case when a party moves to reopen a case to file an adversary proceeding complaint or a paper commencing a Fed. R. Bankr. P. 9014 contested matter. In such cases, the court should spare other parties from defending against such a matter until the movant shows that the matter has sufficient possible merit to warrant reopening the case and allowing pursuit of the matter in the reopened case. The court acts as a gatekeeper, barring reopening of a case when the matter that the movant seeks to pursue (and sets forth only as a proposed matter to be pursued) plainly would be denied.[8]
*172 However, when the matter being pursued is an enlargement of the time to file a Rule 1007(b)(7)(A) statement on a completed Official Form B 423, it makes sense for the debtor to include the request for such relief as part of the motion to reopen instead of requiring the debtor to pursue such relief only after the case is reopened. That is because the issue of reopening necessarily depends on whether cause is shown for enlarging the time to file the required Rule 1007(b)(7)(A) statement, and the views of other parties on whether such cause exists can assist the court in evaluating the motion to reopen. Thus, the court will deny the debtor's motion to reopen if it is not amended within 21 days to include a motion for an extension of the deadline for filing a Rule 1007(b)(7)(A) statement or a demonstration of sufficient cause to extend the deadline.
2. For Cause to Exist to Extend the Deadline to File a Rule 1007(b)(7)(A) Statement Where the Debtor Failed for Over Two Years to File the Required Statement, the Debtor's Delay Must Be Due to Excusable Neglect.
Ordinarily, when an extension of time is sought after a deadline has expired, Fed. R. Bankr. P. 9006(b)(1) provides that the court may, on motion, grant an extension only "where the failure to act was the result of excusable neglect." However, Fed. R. Bankr. P. 9006(b)(3) provides that "the court may enlarge the time to file the statement required under Rule 1007(b)(7)... only to the extent and under the conditions stated in Rule 1007(c)." As already addressed, Rule 1007(c) permits the court to enlarge the time to file the Rule 1007(b)(7) statement at any time within the exercise of the court's discretion, without the necessity of a motion to extend the deadline, and without the necessity of a showing of cause for an extension.
Nevertheless, when a debtor seeks to reopen a case and file a Rule 1007(b)(7)(A) statement more than two years after the debtor's case was closed, the court, in the exercise of its discretion, will require the debtor to establish cause to reopen the case for that purpose, and require a showing of excusable neglect for the late filing of the Rule 1007(b)(7)(A) statement in order to establish such cause. A number of decisions have addressed the issue of cause for reopening a case to permit the belated filing of a Rule 1007(b)(7)(A) statement. I will not attempt to canvass all of the various tests, but I note that the tests courts have adopted generally reflect an attempt to fit within an analysis of "excusable neglect"[9] when the motion to reopen is filed long after the closing of the case.
The Supreme Court addressed the issue of "excusable neglect" under Rule 9006(b)(1) in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship , 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Pioneer dealt with a motion to enlarge the time to file a proof of claim. The Supreme *173 Court, in considering a request by a creditor to file a claim despite the expiration of the bar date for filing claims, analyzed the application of the "excusable neglect" standard, describing a test for demonstrating excusable neglect in that context. 507 U.S. at 395, 113 S.Ct. 1489.
Here, the context is a debtor's motion to enlarge the Rule 1007(c) deadline for complying with Rule 1007(b)(7)(A). Applying the Pioneer test to this context, it may be appropriate to evaluate (1) the danger of prejudice to creditors, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the debtor, and (4) whether the debtor acted in good faith.[10] Id. The Court noted in Pioneer , id. at 396, 113 S.Ct. 1489, that a client must be held accountable for the acts and omissions of the client's attorney. Accordingly, the proper focus is upon whether the neglect of the debtor and the debtor's counsel was excusable. See Pioneer , 507 U.S. at 397, 113 S.Ct. 1489.
The debtor's motion fails to address adequately the issue of excusable neglect under the Pioneer test. As to the first Pioneer factor, the motion has not addressed the issue of the danger of prejudice to creditors. Examples of prejudice to creditors include the risk that, after the passage of almost three years, a creditor's address may have changed, and the creditor might therefore not learn of the motion and any ensuing discharge;[11] and the possibility that, relying on the closing of the case without entry of a discharge, creditors have proceeded to pursue collection (or have prepared to pursue collection) and in doing so have incurred costs.[12]
As to the second Pioneer factor, the motion fails to address the debtor's two-year delay in completing the required course (waiting until November 14, 2017, after the case was closed on September 29, 2015) and its potential impact on judicial proceedings. As to the third Pioneer factor, in failing to address the two-year delay in taking the required course, the motion offers no reason for that delay and does not address whether it was within the reasonable control of the debtor to take the course in a timely fashion. The motion to reopen addresses only the eight-month delay in filing a motion to reopen after completing the course (filing the motion with the certificate on July 18, 2018, after the debtor completed the required course on November 14, 2017), and not the delay in failing to complete the required course.[13]
*174 As to the fourth Pioneer factor, in failing to address the two-year delay in taking the required course, the motion fails to address the issue of whether, despite his failure to complete the required course for two years, the debtor proceeded in good faith.[14]
I do not opine as to whether it would be possible for the debtor to obtain an extension of time to file a Rule 1007(b)(7)(A) statement if he were to attempt to correct these deficiencies in his motion, and I leave it to the debtor to decide whether to attempt to persuade the court that an extension is appropriate. Sometimes such a motion is granted even though the debtor delayed in seeking to reopen the case for years. See In re Rising , No. 07-50123, 2015 WL 393416, at *3 (Bankr. M.D.N.C. Jan. 8, 2015). However, it appears that more frequently such motions are denied when the debtor has delayed for years. The debtor's motion fails to include a recitation of facts establishing excusable neglect, and does not even attempt to set forth cause for allowing compliance with Rule 1007(b)(7)(A) at this late date. However, the debtor has paid the fee for reopening the case, and I will therefore allow the debtor 21 days to file an amended motion to reopen that includes a request to extend the time to file the statement required by Fed. R. Bankr. P. 1007(b)(7).
C. Failure to Give Proper Notice to Creditors of the Opportunity to Oppose the Motion
Because creditors would be affected by the debtor's receipt of a discharge, they are entitled to be heard regarding the debtor's request, at this late date, to reopen the case and to enlarge the time to comply with Rule 1007(b)(7)(A) in order to file the requisite statement and obtain a discharge. In order for creditors to have an opportunity to be heard, the creditors must receive notice of an opportunity to oppose the debtor's motion.
Local Bankruptcy Rule 9013-1(b)(3) provides the requirements for notices of opportunity to object related to motions commencing contested matters. Ordinarily, LBR 9013-1(b)(3)(E)(ii)(III) dispenses with the requirement of LBR 9013-1(b)(3) notice of the opportunity to oppose a debtor's motion "to reopen the case in order to file a financial management certificate and obtain issuance of a discharge[.]" Dispensing with regular LBR 9013-1(b)(3) notice rules makes sense when the motion to reopen is filed before or shortly after the case was *175 closed. When, as here, the motion to reopen is filed years after the case was closed, there is a substantial danger of prejudice to creditors, and they should have the opportunity to be heard on the motion and therefore must receive proper notice. In that circumstance, the court will require that the debtor serve on creditors and other interested parties a notice of the 17-day opportunity to oppose the motion as required by LBR 9013-1(b)(3). Thus, in order for the court to grant the debtor's motion to reopen, the debtor must give proper notice to his creditors.[15]
IV
It is thus
ORDERED that the debtor's motion to reopen will be denied unless, within 21 days after the entry of this order, the debtor files an amended motion to reopen that includes a motion to extend the deadline under Fed. R. Bankr. P. 1007(c) to file a Rule 1007(b)(7)(A) statement, addressing the issue of excusable neglect, as well as a notice (as under LBR 9013-1(b)(3) ) notifying creditors and the United States Trustee of the opportunity to oppose the amended motion.

By giving notice that the case would be closed without entry of a discharge if the debtor failed to comply with the new deadline for Rule 1007(b)(7)(A) compliance, the Notice fulfilled the clerk's obligation under Fed. R. Bankr. P. 5009(b), which provides:
If an individual debtor in a chapter 7 or 13 case is required to file a statement under Rule 1007(b)(7) and fails to do so within 45 days after the first date set for the meeting of creditors under § 341(a) of the Code, the clerk shall promptly notify the debtor that the case will be closed without entry of a discharge unless the required statement is filed within the applicable time limit under Rule 1007(c).

Under Rule 1007(c), "[t]he court may, at any time in its discretion, enlarge the time to file the statement required by subdivision (b)(7)." As a practical matter, if the debtor had submitted the required statement for filing after that 14-day period expired but at any time prior to the closing of the case on September 29, 2018, the court would have exercised discretion under Rule 1007(c) to extend the deadline for filing to allow it to be filed, and would have entered a discharge prior to closing the debtor's case. The automatic stay of 11 U.S.C. § 362(a) barred collection efforts against the debtor prior to the closing of the case and the automatic stay expired when the case was closed without entry of a discharge. Had the debtor filed the required statement and received a discharge prior to the closing of the case, creditors would not have acted in reliance on the lack of a discharge prior to the closing of the case.

Specifically, on September 29, 2015, the court's electronic case filing system gave the chapter 7 trustee, the United States Trustee, and the debtor's attorney, as e-filers, immediate e-notification of the Order , and on October 1, 2015, the Bankruptcy Noticing Center transmitted the Order to the debtor and creditors.

Dkt. No. 20, at 7 (emphasis in original). According to the website of the Executive Office of United States Trustees, BE Adviser, LLC is an approved provider of personal financial management instructional courses pursuant to 11 U.S.C. § 111 for bankruptcy cases in the District of Columbia. I need not address at this juncture the impact of the certificate's reference to BE Adviser, LLC being an approved provider of the required course "in the District of Maryland" rather than "in the District of Columbia."

See In re Meaney , 397 B.R. 390, 394 (Bankr. N.D. Ill. 2008) (ruling that, while motions to reopen under § 350(b) are exempt from the one-year limitation of Fed. R. Bankr. P. 9024(1) (incorporating Fed. R. Civ. P. 60(b) ), laches may be raised as a defense to a motion to reopen a case to belatedly file a statement of completion of a course in financial management). "The elements of laches are: (1) an unreasonable delay by one party in asserting its right or remedy; and (2) prejudice to the other party as a result of the delay. 31 Williston on Contracts § 79:11 (4th ed.)." Id. at 395.

On rare occasions, the automatic stay terminates in a case after 30 days pursuant to 11 U.S.C. § 362(c)(3) or does not arise at all pursuant to 11 U.S.C. § 362(c)(4). But in most cases, as in this case, collection of prepetition debts from the debtor remains stayed under § 362(a) until the case is closed or the debtor receives a discharge.

The court would not abuse its discretion in granting an extension of time to file a Rule 1007(b)(7)(A) statement without requiring the debtor to file a motion addressing cause for the court to do so only when a debtor's motion to reopen a case (in order to file a Rule 1007(b)(7)(A) statement and receive a discharge) is filed relatively soon after the closing of the case. See In re Moore , No. 14-00248, 2015 WL 6125310, at *1 n.1 (Bankr. D.D.C. Oct. 16, 2015) (noting that "provided the motion is filed within a reasonable period of time after the closing of the case, the court can simply reopen the case, enter the discharge order, and close the case anew").

See In re Henneghan , No. 12-00637, 2017 WL 6610870, at *3 (Bankr. D.D.C. Dec. 27, 2017) (holding that "any further motion to reopen to pursue civil contempt sanctions against Pepco must include as an exhibit the proposed motion to hold Pepco in civil contempt that the debtor wishes to pursue if the case is reopened, and that proposed motion must include detailed, non-conclusory detailed allegations of fact establishing [civil contempt] )." See also In re Witaschek , No. 13-00019, 2018 WL 1386695, at *2 (Bankr. D.D.C. Mar. 16, 2018) (ordering a debtor to file an amended motion to reopen showing in non-conclusory fashion that a violation of the automatic stay occurred that warranted reopening the case to permit pursuit of a motion to recover sanctions for violation of the automatic stay); In re Wilson , No. 14-00664, 2018 WL 1036762, at *3 n.5 (Bankr. D.D.C. Feb. 21, 2018) (noting that the debtor should not have pursued a motion to contempt until the case was reopened and that the proper procedure was to file a motion to reopen the case with the motion for contempt either attached as an exhibit or referenced within the motion to reopen as an impending motion).

One test employed by some courts consists of four factors: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." In re Lockhart , 582 B.R. 1, 4 (Bankr. E.D. Mich. 2018). See also In re Johnson , 500 B.R. 594, 597 (Bankr. D. Minn. 2013). Similarly, In re Villarroel , No. 07-14084-RGM, 2008 WL 2518713, at *2 (Bankr. E.D. Va. June 20, 2008), sets forth this test: "The debtor must have a reasonable excuse for not having taken the course timely. Counsel must have a reasonable excuse for not following up. There can be no prejudice to creditors. The relief must be timely requested. Unless all four requirements are met, a motion to reopen will not be granted."

According to some decisions, another factor for consideration is whether the delay has frustrated the intended purpose of conditioning receipt of a discharge on completing the financial management course: to ensure that debtors become educated regarding financial management so they can avoid bankruptcy in the future. See In re Heinbuch , No. 06-60670, 2016 WL 1417913, at *3-4 (Bankr. N.D. Ohio April 7, 2016). I note, however, that the statute itself does not set forth a deadline for completing the course, and arguably, taking the intended purpose of the requirement into account, it is better that the debtor take the course late rather than never.

See In re Chrisman , No. 09-30662, 2016 WL 4447251, at *3 (Bankr. N.D. Ohio Aug. 22, 2016) ("The docket shows that court has now been receiving returned mail from many of [the holders of the 59 claims filed in the case], when it did not when the case was open or immediately after initial closure. To spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating that unknown discharge, is simply unfair."). The clerk in this case has not sent mail to creditors since the closing of the case.

It is sometimes not readily ascertainable what steps creditors may have taken to pursue collection of outstanding debts.

The debtor's explanation for the eight-month delay leaves a lot to be desired. An Official Form B 423 signed by the debtor was required, yet for eight months none appears to have been signed. Moreover, the motion fails to show that it was not within the reasonable control of the debtor to avoid such a delay. Even if the debtor innocently, mistakenly believed that the course provider would supply a certificate to his attorney and that a discharge would flow from that, the debtor would have received notice of a discharge once one was entered. When the debtor failed to receive such a notice, alarm bells should have gone off in the debtor's head. The debtor's cavalier failure to follow up as to whether a discharge was being granted does not speak well of the debtor.

Fault lying with counsel does not alone demonstrate the good faith of the debtor or suffice to establish cause to allow the debtor an extension of time to file his Rule 1007(b)(7) statement. As Pioneer teaches, a debtor can be held accountable for the acts and omissions of the debtor's attorney, especially if creditors have been harmed by such acts or omissions. However, if the fault lies with counsel alone and the debtor did everything within his power to comply with his obligations, that would be pertinent to the issue of the debtor's good faith (one of the Pioneer factors). Regardless, the motion to reopen filed by the debtor in this case offers no explanation for his own two year delay in completing the required course and does not demonstrate any fault of the debtor's counsel in the failure of the debtor to move to reopen the case for eight months after completing the course.

Even if no creditor opposes reopening the case and enlarging the deadline for the debtor to file a Rule 1007(b)(7)(A) statement, that would not by itself establish that there is no risk that creditors have been prejudiced.